[Civil No. 1300.   Filed June 28, 1913.]

[133 Pac. 412.]

## RICHARD KAIN, Appellant, v THE ARIZONA COPPER COMPANY, LIMITED, a Corporation, Appellee.

1. LIMITATION OF ACTIONS—AMENDED PLEADINGS—CAUSE OF ACTION.— Where the cause of action stated in an amended complaint is the same as that alleged in the original complaint, the court must look to the date of filing of the original complaint to determine whether limitations had run when the action was brought.

2. LIMITATION OF ACTIONS—BREACH OF CONTRACT—PLEADINGS.—A complaint which alleges a contract between plaintiff, an employee, and defendant, his employer, whereby defendant for a consideration specified agreed to furnish plaintiff proper hospital accommodations and the services of skilled physicians and surgeons, and which avers a breach of contract in that defendant furnished unskilled physicians and surgeons who improperly treated plaintiff, states a cause of action for breach of contract and not for personal injury or for malpractice, and the one year statute of limitations (Laws 1903, No. 16, sec. 1) is inapplicable.

3. LIMITATION OF ACTIONS—BREACH OF VERBAL CONTRACTS.—The right to sue for a breach of a verbal contract is limited to three years from its accrual as provided by Civil Code of 1901, paragraph 2951, subdivision 1.

4. LIMITATION OF ACTIONS—BREACH OF WRITTEN CONTRACTS.—An action founded on a contract in writing must be commenced within four years after accrual of the cause of action as provided in Civil Code of 1901, paragraph 2954.

5. LIMITATION OF ACTIONS—BREACH OF CONTRACT—TIME OF ACCRUAL OF CAUSE OF ACTION.—An employer who contracts for a valuable consideration to furnish hospital accommodations and skilled physicians and surgeons to employees sustaining personal injuries must, when an employee is injured, furnish hospital accommodations and skilled physicians and surgeons, and a failure so to do is a breach of contract and starts the running of limitations.

6. LIMITATION OF ACTIONS—BREACH OF CONTRACT—CONTRACT IN WRITING—PRESUMPTIONS.—Where the complaint stating a cause of action

for breach of contract does not show that the contract was not in writing, the court, for the purpose of a special demurrer raising the statutes of limitations, will presume, that it was in writing; four years not having run from the accural of the cause of action at the time of the beginning of the action.

7. MASTER AND SERVANT—CONTRACTS BY EMPLOYERS TO FURNISH HOSPITAL ACCOMMODATIONS AND PHYSICIANS TO EMPLOYEES—LIABILITY. A corporation which establishes hospitals and undertakes to furnish treatment to injuried and sick employees for a part of the wages of the employees does not maintain a charity, but stands in no different light from the ordinary physician.

APPEAL from a judgment of the Superior Court of the County of Greenlee. F. B. Laine, Judge. Reversed and remanded.

The facts are stated in the opinion.

Mr. L. Kearney, for Appellant.

Mr. W. C. McFarland, for Appellee.

ROSS, J.—On July 3, 1912, appellant filed his complaint against appellee for damages. On the theory that it was an action for personal injuries, the court sustained a special demurrer raising the one year statute of limitations. It is not necessary to state the facts of the original complaint; suffice it to say that it contained, in legal effect, the facts alleged in the amended complaint which was filed on October 14, 1912. In the amended complaint the appellee, which we shall hereafter designate as the mining company, is described as a corporation engaged in the business of mining, smelting, railroading, merchandising and conducting of hospitals in Greenlee county, Arizona. It is alleged that the mining company owned and conducted at Clifton, Metcalf and Morenci hospitals for gain and profit; that, for the purpose of shielding itself from actions for damages for negligence and malpractice of its physicians and surgeons, said hospitals are carried on under the name of Clifton Accident Benevolent Society, which is not a copartnership nor a corporation, but is a general hospital business conducted, owned and managed by the mining company in connection with its other business for hire, gain, and profit.

The contract upon which the complaint is bottomed is alleged as follows: ''That in the month of September, 1908, and for more than two years prior thereto, the plaintiff was in the employ of the defendant in and about said mining and smelting business at Morenci, Graham (now Greenlee) county, territory (now state) of Arizona, as engineer of a stationary engine at the agreed compensation of $3.50 per day. That a part of said agreement and contract of employment between plaintiff and defendant was that the plaintiff should pay to the defendant each month while in the employ of the defendant out of his wages as such employee the sum of $1.80 per month for the support and maintenance of the defendant's said hospitals.

''That, in consideration of said payment of said sum of money to the defendant from month to month, the defendant contracted and agreed with the plaintiff to furnish plaintiff with hospital accommodations in said hospitals and to provide and furnish trained and capable nurses and skilled and competent physicians and surgeons in said hospitals for the care and treatment of the plaintiff in the event that he should become sick or disabled or accidentally injured while working for the defendant and in the regular course of his employment, and contracted and agreed, for the consideration aforesaid, to furnish the plaintiff with the services of skilled and competent physicians and trained and capable nurses in case of any injury to the plaintiff while working for the defendant as aforesaid. (5) That under said contract of employment, and in consideration of the payment by the plaintiff to the defendant from month to month of the said sums of money while plaintiff worked for the defendant, it became and was the duty of the defendant, in case the plaintiff should become injured while working for the defendant under said contract, to furnish the plaintiff with proper hospital accommodations and to treat him with due care and skill therein and furnish him the services of skillful and competent physicians and surgeons and trained and capable nurses, and to use and exercise due and reasonable care in the selection of such nurses and physicians and surgeons; but the plaintiff alleges that, on the contrary, the defendant, neglecting and disregarding its duty in the premises and under said contract and agreement with the plaintiff, when the plaintiff became injured while working

for the defendant, as hereinafter alleged, did not furnish the plaintiff with proper hospital accommodations in said hospitals, and did not treat him in a careful nor skillful manner therein, and did not furnish him the services of skilled or competent physicians or surgeons or of trained or capable nurses, and did not use or exercise due or reasonable care in the selection of such nurses and physicians and surgeons as were furnished to the plaintiff.''

There follows the allegations of accidental injury by a fall in which appellant's left femur, hip joint, and left leg were greatly injured, his entrance into the hospital on September 29, 1908, for treatment, where he remained until February 18, 1910, when he was sent by the mining company to the Presbyterian Hospital at Chicago for further treatment, where he was treated until June 5, 1910, when he was discharged. That the first examinatioin of his injury in September, 1908, was negligent and unskillful and without due care and a failure to discover that the leg was broken or the femur fractured, and of incompetent treatment until February 10, 1909. That on the last-mentioned date the physician and surgeon in charge discovered that the femur was fractured and performed an operation thereon and left foreign matter in and about said fracture which tended to prevent a union thereof, and that the treatment thereafter was negligent and unskillful until February 10, 1910, when appellant was sent to Chicago, as aforesaid. There is the allegation that the mining company did not exercise due care and caution in the selection of its physicians and surgeons, and that it retained them in its employment after knowledge of their unfitness and incompetency.

To this amended complaint there was interposed a general demurrer and special demurrer raising the one, three, and four year statute of limitation. The demurrers were sustained.

The cause of action stated in the amended complaint being the same cause of action as alleged in the original complaint, we must look to the date of filing the latter to determine if, when the action was brought, limitation had run.

It is not an action for personal injury nor for malpractice by the mining company. The complaints, both original and amended, allege a contract between appellant and mining com-

pany by which the former was to pay the latter a monthly sum of $1.80 and the latter in consideration thereof, in case of sickness or injury, was to furnish him proper hospital accommodations and the services of skilled and competent physicians and surgeons and trained and capable nurses and competent treatment. The alleged breach of this contract is that the appellee did not furnish skilled and competent physicians and surgeons, but, on the contrary, did furnish unskilled and incompetent physicians and surgeons who incompetently and improperly treated his injuries. The cause of action stated is for a breach of contract to furnish skilled and competent physicians and surgeons and competently to treat appellant's injuries as it had agreed to do. *Denver & R. G. R. Co.* v. *Iles,* 25 Colo. 19, 53 Pac. 222; *Youngstown, etc., Street Ry. Co.* v. *Kessler,* 84 Ohio St. 74, Ann. Cas. 1912B, 933, 36 L. R. A., N. S., 50, 95 N. E. 509. It is therefore clear that it is not for personal injury or for malpractice, as contended by appellee, and consequently the limitation of one year, as provided in section 1, Act 16, Laws of Arizona of 1903, is inapplicable.

The contract upon which this suit is based is pleaded as an express contract, but it is not shown whether it is a written or verbal contract. If the contract was verbal, the right to sue for a breach thereof is limited to three years from its accrual, as provided in subdivision 1, paragraph 2951, Revised Statutes of 1901. This provision of our statute was taken from Texas (article 3354, Revised Statutes), and the courts of that state have held that a suit for damages for a breach of a verbal contract is an action for "debt" within the meaning of the statute. *Wood M. & R. Co.* v. *Hancock,* 4 Tex. Civ. App. 302, 23 S. W. 384.

If the indebtedness sued for is founded upon a contract in writing, the action should be commenced and prosecuted within four years after the cause of action accrued as provided in paragraph 2954, Revised Statutes of 1901.

When did the appellant's cause of action accrue? Under the contract as alleged, the moment the appellant was injured it became incumbent upon the appellee mining company to act by furnishing him hospital accommodations, skilled and competent physicians and surgeons and trained nurses. The allegation is that it undertook to do that, but failed to furnish

services of the high standard contracted, or even competent
and efficient service. It is the contention of the mining com-
pany that on September 29, 1908, when it took charge of
appellant and undertook to treat his injuries, the contract was
breached, and from that date the statute of limitations began
to run. The appellant insists that limitation did not begin
to run until he was discharged from the hospital in June,
1910. It would seem that, the instant the mining company
was obligated by its contract to perform its part thereof, a
failure to perform in the manner and with the means con-
tracted would logically constitute a breach and start the run-
ning of the statute. The instant unskilled and incompetent
physicians and surgeons were placed in charge of appellant's
injuries the contract was violated and a wrong was done the
appellant.

In *Aachen & M. F. Ins. Co.* v. *Morton,* 156 Fed. 654, 13
Ann. Cas. 692, 15 L. R. A., N. S., 156, 165, 84 C. C. A. 366,
LURTON, J., speaking for the court, said: "If an act occur,
whether it be a breach of contract or duty which one owes
another or the happening of a wrong, whether willful or
negligent, by which one sustains an injury, however slight,
for which the law gives a remedy, that starts the statute.
That nominal damages would be recoverable for the breach or
for the wrong is enough. The fact that the actual or sub-
stantial damages were not discovered or did not occur until
later is of no consequence. The act itself, which is the ground
of action, cannot be legally separated from its consequences.
Were this so, successive actions might be brought in many
cases of contract and tort as the damages developed, although
all the consequential injuries had one common root in the
single original breach or wrong. This would in effect nullify
the statute."

It seems to be the conceded law by practically all the au-
thorities that in cases of breach of contract the statute of
limitations begins to run against the right of the person dam-
aged to recover from the time of the breach, and not from the
time actual damages are sustained in consequence thereof.
Case note, *Aachen & M. F. Ins. Co.* v. *Morton, supra.*

"Whether the negligence out of which the cause of action
arises is the breach of an implied contract, or the affirmative
disregard of some positive duty, is immaterial. In either case

the liability arises immediately upon such breach of contract or disregard of duty, and an action to recover the damages, which are the measure of such liability, may be immediately maintained. The right to maintain the action is distinguished from the measure of damages, and although the entire damage resulting from such negligence may not have been sustained, or the fact that the negligence occurred may not have been known until the right to a recovery is barred, yet the time within which an action may be brought is not thereby prolonged." *Lattin* v. *Gillette,* 95 Cal. 317, 29 Am. St. Rep. 115, 30 Pac. 545.

The mining company agreed to furnish the appellant, in case of sickness or injury, certain kind of service—good service, skilled service—and when it presented inferior and inefficient service the terms of the contract were violated and the statute began to run. The wrong done appellant was not so much the incorrect diagnosis of his injuries, but the furnishing of incompetent and unskilled physicians and surgeons from which the wrong diagnosis may have been the result. He contracted for a superior quality of skill and knowledge, but when he called for it he was given incompetency. That was certainly the injury from which all subsequent damages followed.

Under the contract, however, it was not enough to furnish skilled and competent physicians and surgeons. The contract contemplated and the law implied that the injury of appellant should be diagnosed with skill and that it should be competently treated thereafter. The charge is incompetency of the surgeons, incorrect diagnosis, and negligent, incompetent and careless treatment. We may assume that, if the surgeon had possessed necessary knowledge and skill, the diagnosis and treatment would have been proper. If that be true, then the chief primal wrong consisted in placing over appellant unskilled and incompetent physicians and surgeons. It might present a different question, however, if the physicians and surgeons had been skilled and competent and the injury consisted in unskillful, incompetent and negligent treatment of the patient. In the latter case, although we do not so decide, it is possible the statute would not begin to run until the patient was discharged.

The complaint does not show upon its face that the contract pleaded was not in writing, and we have treated the contract sued upon, for the purpose of the special demurrer, as a written contract. If the contract was in writing, the court erred in sustaining the special demurrer raising the statute of limitations, four years not having run from the accrual of the action at the time of its institution.

We also think the complaint is good as against the general demurrer. Railway and mining companies that establish hospitals for profit and gain occupy the position of ordinary physicians and surgeons and are bound by the same rules. If they undertake to furnish treatment, not as a charity, they stand in no different light from the ordinary physician. *Phillips* v. *St. Louis etc. R. Co.*, 211 Mo. 419, 124 Am. St. Rep. 786, 14 Ann. Cas. 742, and note, 17 L. R. A., N. S., 1167, 111 S. W. 109.

The judgment is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

Application for rehearing denied.

---

NOTE.—As to the running of the statutes of limitations in cases when a cause of action for nominal damages ripens into a right to actual damages, see note in 126 Am. St. Rep. 944.