477 P.2d 555

Daniel E. BEANE and Shirley G. Beane, husband and wife, Appellants,

v.

TUCSON MEDICAL CENTER, a corporation; John Doe; Richard Roe; Jane Doe; and the XYZ Corporation, Appellees.

No. 2 CA–CIV 898.

Court of Appeals of Arizona, Division 2.

Dec. 7, 1970.

Rehearing Denied Jan. 14, 1971.

Review Denied Feb. 23, 1971.

Paul G. Rees, Jr., Tucson, for appellants.

Chandler, Tullar, Udall & Richmond by D. Burr Udall, Tucson, for appellees.

HOWARD, Chief Judge.

The sole question presented on this appeal is whether the plaintiffs-appellants' lawsuit is barred by the statute of limitations. The trial court decided this issue adversely to them and judgment in favor of the defendant, Tucson Medical Center, was entered accordingly.

On appeal the plaintiffs challenge the trial court's ruling on the ground that the six-year limitation period prescribed in A. R.S. § 12–548 applied and, therefore, their action is not barred. Although their complaint sets forth two counts, one alleging breach of contract and the other alleging negligence, plaintiffs concede that the negligence count is barred by A.R.S. § 12–542.

The facts pertinent to the limitations issue are not in dispute. On September 8, 1963, Mr. Beane was admitted to Tucson Medical Center for orthopedic surgery. At the time of his admission to the hospital, he signed a document entitled "Conditions of Admission to Tucson Medical Center." Paragraph VIII thereof states:

"8. FINANCIAL AGREEMENT: The undersigned agrees, whether he signs as agent or as patient, that *in consideration of the services to be rendered* to the patient, he hereby individually obligates himself to pay the account of the hospital in accordance with the regular rates and terms of the hospital. Should the account be referred to an attorney for collection, the undersigned shall pay reasonable attorney's fees and the collection expense. All delinquent accounts bear interest at the legal rate." (Emphasis supplied)

Sometime during the month of September, while hospitalized, Mr. Beane developed a staphylococcus infection. On February 5, 1969, the plaintiffs instituted this lawsuit. Their breach of contract claim is predicated on the hospital's alleged contractual undertaking to render proper postoperative care and treatment.

In support of their position, plaintiffs rely on Kain v. Arizona Copper Company Limited, 14 Ariz. 566, 133 P. 412 (1913). In *Kain*, the complaint alleged that the defendant mining company maintained certain hospitals for profit; that as part of its contract of employment with plaintiff, it agreed, in consideration of a stipulated monthly wage deduction, to provide hospital accommodations and competent nurses, surgeons and physicians in the event of plaintiff's illness or injury; and that plaintiff was damaged by reason of, among other things, the malpractice of the physicians supplied by defendant. The court held that the cause of action stated was for breach of contract to furnish skilled and competent physicians and surgeons and to competently treat the plaintiff's injury and, therefore, the limitations period for personal injury or malpractice was not applicable.

■ The majority rule is that where an action in its effect is one for recovery of damages for personal injury, the statute of limitations for injuries to the person applies even though the cause of action stated is *ex contractu* in its nature. Chavez v. Kitsch, 70 N.M. 439, 374 P.2d 497 (1962). *Kain*, supra, however, is still the law in this jurisdiction which would rank Arizona with the minority which holds that such statutes do not apply to an action *ex contractu*. See annotation 157 A.L.R. 763.

**438**

A variety of instruments have been construed to constitute a contract in writing within the meaning of the statute of limitations. See annotation 3 A.L.R.2d 809. Assuming arguendo that the document upon which plaintiffs rely is such a contract, the only undertaking on the part of the hospital was to furnish "services" and not "proper post-operative care and treatment." In order for a cause of action to be founded upon a contract in writing, the instrument *itself* must contain an undertaking to do the thing for the non-performance of which the action is brought. Petty and Riddle, Inc. v. Lunt, 104 Utah 130, 138 P.2d 648 (1942); Division of Labor Law Enforcement, Department of Industrial Relations v. Dennis, 81 Cal.App.2d 306, 183 P.2d 932 (1947); Tagus Ranch Company v. Hughes, 64 Cal.App.2d 128, 148 P.2d 79 (1944). A cause of action is not upon a "contract founded upon an instrument in writing" merely because it is in some way remotely or indirectly connected with the instrument or because the instrument would be a link in the chain of evidence establishing the cause of action. Petty and Riddle, Inc. v. Lunt, supra. In *Kain*, supra, the *express* undertaking alleged was to furnish the services of skilled and competent physicians and surgeons and plaintiff claimed that the defendant had breached this express undertaking. We, therefore, cannot agree with plaintiffs here that *Kain* is controlling. We hold that since the breach alleged by plaintiffs was not founded upon a contract in writing, the six-year limitations period is not applicable and the action is barred.

Judgment affirmed.

HATHAWAY, J., and JACK G. MARKS, Judge of the Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.