485 P.2d 853

**Karl J. NIELSON and Georgia B. Nielson, husband and wife, Appellants,**

**v.**

**ARIZONA TITLE INSURANCE AND TRUST COMPANY, an Arizona corporation, Appellee.**

**No. 1 CA–CIV 1383.**

Court of Appeals of Arizona, Division 1.

June 17, 1971.

Rehearing Denied July 21, 1971.

Review Denied Oct. 5, 1971.

Leven B. Ferrin, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Wilbert G. Anderson, Phoenix, for appellee.

HOWARD, Judge.

This is an appeal from a summary judgment entered against plaintiffs-appellants by the Superior Court of Maricopa County, Honorable Kenneth C. Chatwin, presiding.

The facts are as follows. On August 6, 1965, Arizona Title Insurance and Trust

Company, as trustee of 160 acres of land in Yavapai County, sold the property to defendant Capitol Investment Corporation under a sales agreement with annual payments to be made.

This agreement became Arizona Title Insurance and Trust Company escrow number 231953 and payments were to be made to defendant Arizona Title as trustee.

On July 12, 1965, defendant Capitol Investment sold 80 acres of the property involved herein to defendants H. T. and Mary B. Hoover under an agreement which became Arizona Title Insurance and Trust Company escrow number 234823.

On April 1, 1966, plaintiffs purchased the property which was the subject of escrow number 234823 from H. T. and Mary B. Hoover. Upon this conveyance the escrow number 234823 was closed.

On July 15, 1966, plaintiff paid to Arizona Title $4,444.57 which was the unpaid balance on escrow number 234823. This money was paid by Arizona Title to Capitol Investment. Capitol Investment then failed to discharge the underlying obligation to Arizona Title.

On December 2, 1966, Arizona Title sent to plaintiffs a forfeiture notice and all of plaintiffs' interest in the property which had been the subject of escrow numbers 234823 and 231953 was forfeited.

On November 1, 1968, plaintiffs amended their pending action against Capitol Investment and the Hoovers by adding Count IV and joining Arizona Title as an additional party defendant. Count IV of plaintiffs' complaint alleges:

\*     \*     \*     \*     \*     \*

"That defendant ARIZONA TITLE INSURANCE & TRUST COMPANY by its negligent acts wilfully failed to properly apply the money plaintiffs paid to the proper trust and then wilfully

and maliciously forfeited all of the plaintiffs [sic] rights in the property."

\*     \*     \*     \*     \*     \*

In other words, the gist of plaintiffs' complaint against Arizona Title is that Arizona Title was negligent in not applying the funds paid to them, as trustee, to the underlying obligation owed to Arizona Title. The alleged basis of this requirement to discharge the underlying obligation before paying said monies to Capitol Investment is the wording requiring same in the two previously mentioned escrow agreements.

Defendant Arizona Title moved for summary judgment on the grounds that the statute of limitations of two years as provided in A.R.S. Sec. 12–542 had run since they paid the money over to Capitol in July of 1966 and the cause of action accrued at that time. Summary judgment was granted in favor of Arizona Title Insurance & Trust Company.[1]

In examining the complaint, motions and memoranda in support thereof we find that plaintiffs' complaint against Arizona Title is couched in terms of a negligent misapplication of funds. This alleged misapplication occurred on July 15, 1966. The suit against Arizona Title was brought on November 1, 1968.

■ It is however, the rule in Arizona, that under the statute providing that negligence actions shall be commenced and prosecuted within two years after the cause of action accrues, the legislature intended that a cause of action accrues when the plaintiff knew or should have known of defendant's conduct, and the statute of limitations begins to run at that time. A.R.S. Sec. 12–542; Mayer v. Good Samaritan Hospital, 14 Ariz.App. 248, 482 P.2d 497 (1971).

■ We perceive that there is an undecided factual issue in this case, i. e. when the plaintiffs knew[2] or should have known

---

1. The plaintiffs' claims against Capitol Investment, the Hoovers and the Foxes are still pending. The summary judgment involved here has the requisite finality for appeal purposes as the A.R.C.P. Rule

54(b), 16 A.R.S. "express determination and direction" requirements were complied with.

2. If the first time plaintiffs knew or should have known that Arizona Title had failed

of defendant's conduct. This precluded the granting, by the trial court, of a summary judgment.

Reversed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120(E).

to apply the funds was on December 2, 1966, the date of the notice of forfeiture, then plaintiffs are not barred by the statute of limitations.