580 P.2d 1236

**Armanda MORRIS and Albert Morris, her husband, Appellants,**

v.

**Mary WEST, Appellee.**

**No. 2 CA–CIV 2822.**

Court of Appeals of Arizona, Division 2.

June 22, 1978.

Gamble & Dean by Albert R. Gamble, Tucson, for appellants.

Nolen L. McLean, Mesch, Marquez & Rothschild, P. C. by John K. Mesch, Tucson, for appellee.

## OPINION

RICHMOND, Chief Judge.

On October 29, 1975, appellants filed suit alleging breach of contract. The underlying agreement was an oral employment contract entered into between appellant Armanda Morris and appellee Mary West on or about January 7, 1972, in which appellee was alleged to have agreed to "take care of it" if appellant was ever sick or hurt while working as appellee's cook. Mrs. Morris subsequently was injured on her job on April 6, 1972.

The trial court granted appellee's motion for summary judgment on the ground that appellants' claim was barred by A.R.S. § 12–543, the three-year statute of limitations. While we agree that subsection 1 of § 12–543 is applicable to appellants' claim, *Kain v. Arizona Copper Co.*, 14 Ariz. 566, 133 P. 412 (1913), we do not agree that their claim was barred thereby on the record before us.

The evidence viewed in a light most favorable to appellants is as follows. In her affidavit, Armanda Morris says that the appellee "advised affiant that she, Mary West, would personally insure affiant against job incurred sickness or accident and that any indemnity compensation or benefits accruing to affiant as a result of job incurred sickness or accident, would be paid over to affiant following a final computation of same."

On the morning following her fall at work, Mrs. Morris saw a physician and was advised to stay home for three days with warm packs on her injured leg. She testified on deposition that when she returned to work with a bandage on her leg, she and appellee had the following conversation: " * * * I came in and sat down, you know, we was talking and she told me she had some insurance and I said, 'Well, Mrs. West, I have a little insurance.' I said, 'We see where it go to and I will ask for yours.' "

After the accident, Mrs. Morris resumed working full time for appellee until she was fired a few weeks later. In June 1973 she required surgery on her knee. When she phoned appellee about the surgery she was told to call appellee's attorney, and she did so. Although the record is silent as to her conversation with the attorney, it may be inferred that she was denied financial help for the surgery. Any breach of the alleged agreement to "take care" of her injury occurred at that time, rather than at the time of the injury or her termination, and the action was commenced within three years thereafter.

Reversed and remanded for further proceedings.

HOWARD and HATHAWAY, JJ.