Peter YAZZIE, Lena Nez Benally, Administratrix of the Estate of Clyde Benally, Deceased, and Pauline Begay, Administratrix of the Estate of Franklin Begay, Deceased, Plaintiffs-Appellants,

v.

OLNEY, LEVY, KAPLAN & TENNER, a Professional Corporation, Defendants-Appellees.

No. 76–1451.

United States Court of Appeals, Ninth Circuit.

March 5, 1979.

Rehearing Denied April 9, 1979.

Paul G. Bardacke (argued) of Sutin, Thayer & Browne, Albuquerque, N. M., for plaintiffs-appellants.

Kenneth C. Wey (argued) of Burch, Cracchiolo, Levie, Guyer & Weyl, Phoenix, Ariz., for defendants-appellees.

Before CHOY and SNEED, Circuit Judges, and WILLIAMS,* District Judge.

## ORDER

Appellees' petition for rehearing is granted.

The court's opinion filed herein on November 16, 1978, is withdrawn and the attached revised opinion substituted therefor.

## REVISED OPINION

CHOY, Circuit Judge:

Appellants brought this diversity action against Daniel C. Olney individually and the

---

* The Honorable Spencer M. Williams, United States District Judge for the Northern District of California, sitting by designation.

law firm of Olney, Levy, Kaplan & Tenner, alleging failure to prosecute properly their personal injury and wrongful death claims. The district court held that the action was barred by Arizona's two-year statute of limitation for tort claims and granted appellees' motion for summary judgment. We affirm in part and reverse in part.

## I.  Facts and Proceedings Below

On July 8, 1969, the husbands of appellants Benally and Begay were killed and appellant Yazzie was injured when the right rear tire of the truck they were riding in blew out, causing the truck to turn over. At the time of the incident, appellant Yazzie and the two decedents were employed by the Union Pacific Railroad Company and were being transported to one of the company's job sites at Shiprock, New Mexico.

Appellants, who do not speak English and were apparently unfamiliar with the American legal system, sought assistance from an Arizona legal clinic in connection with the accident. They were ultimately referred to the Olney firm for prosecution of their respective claims. However, the only action the Olney firm filed was against the Union Pacific Railroad Company on behalf of appellants Benally and Begay, which was dismissed on October 23, 1973. As a consequence, on July 8, 1971, two years subsequent to the accident, all other possible causes of action apparently became barred by the two-year limitation period on tort claims of Ariz.Rev.Stat. § 12–542.

On June 25, 1974, appellants filed this suit against the Olney law firm. Appellees moved for summary judgment pursuant to the same two-year statute of limitation, arguing that appellants' claims against the firm accrued on July 8, 1971, when the statute had run on appellants' wrongful death and personal injury claims. Appellants responded that the two-year tort limitation was tolled by their reasonable failure to discover the facts constituting their causes of action against the law firm until Octo-

ber 23, 1973, when the only suit filed by the Olney firm on their behalf was dismissed.[1] They also argued that their complaint stated a cause of action upon a written contract which, under the applicable six-year limitation period of Ariz.Rev.Stat. § 12–548, should not have been dismissed.

The district court held that appellants' complaint sounded exclusively in tort. The court also held that the applicable two-year tort statute of limitation was not tolled during the time before the injured parties discovered or should have discovered their claims, and accordingly, entered the summary judgment from which this appeal is taken.

## II.  Standard of Review

■ Under Fed.R.Civ.P. 56(c), summary judgment is proper only where there is no genuine issue of any material fact or where, viewing the evidence and the inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law. *Jones v. Halekulani Hotel, Inc.,* 557 F.2d 1308, 1310 (9th Cir. 1977); *Dalke v. Upjohn Co.,* 555 F.2d 245, 248 (9th Cir. 1977); *Handi Investment Co. v. Mobil Oil Corp.,* 550 F.2d 543, 546 (9th Cir. 1977); *Stansifer v. Chrysler Motors Corp.,* 487 F.2d 59, 63 (9th Cir. 1973). Our role in reviewing the grant of summary judgment is to determine whether there is any genuine issue of material fact underlying the adjudication and, if not, whether the substantive law was correctly applied. *Inland Cities Express, Inc. v. Diamond National Corp.,* 524 F.2d 753, 754 (9th Cir. 1975); *Vickery v. Fisher Governor Co.,* 417 F.2d 466, 468 (9th Cir. 1969).

## III.  Tort Claim

■■ The district court erred in its determination that the two-year limitation period applicable to appellants' claims—which it construed as exclusively in tort—could not be tolled by their reasonable failure to

---

1. In addition, according to the district court's Memorandum and Order of October 27, 1975, appellants did not discover until December 20, 1974—in the course of a deposition—that the Olney firm "had intentionally not filed an action" against one potential defendant.

discover the facts giving rise to those claims. In *Nielson v. Arizona Title Insurance & Trust Co.*, 15 Ariz.App. 29, 30, 485 P.2d 853, 854 (1971), the Arizona Court of Appeals stated as the "rule in Arizona":

> [U]nder the statute providing that negligence actions shall be commenced and prosecuted within two years after the cause of action accrues, the legislature intended that a cause of action accrues when the plaintiff knew or should have known of defendant's conduct, and the statute of limitations begins to run at that time. A.R.S. Sec. 12–542; *Mayer v. Good Samaritan Hospital*, 14 Ariz.App. 248, 482 P.2d 497 (1971).

Thus, under Arizona law, the question of when appellants knew or should have known of appellees' negligence is critical to determining whether the statute of limitation has run.

■ We believe that the parties' summary judgment papers present a genuine issue of material fact as to when appellants Begay and Benally discovered the alleged malpractice.[2] Appellees note that appellants had been referred to them by a legal services organization. That organization monitored appellees' efforts, writing to appellees on March 11, 1971:

> I don't think there is any need to reiterate what has gone before. The statute of limitations is nearly up, and we are anxious to see that these plaintiffs at least have an opportunity to have their claim heard.

Appellees argue that because of this monitoring, appellants through their legal services organization knew that appellees did not file suit against other possible defendants prior to the running of the two-year limitation period on July 8, 1971. Appellees conclude that because the instant suit was

filed more than two years after July 8, 1971, the suit is time-barred.

Appellants respond that appellees exaggerate the degree of the legal services organization's monitoring. In their papers before the district court, appellants wrote:

> [T]he plaintiffs were not injured, . . . no actionable malpractice had occurred, and . . . in any event, there was no way for the plaintiffs to learn of the mishandling of their case by the Olney firm until October 23, 1973, when the Union Pacific case was dismissed and it became apparent that the Olney firm had put all of its eggs in one basket, and that all causes of action from the underlying accident had been lost. That being the case, a cause of action in favor of the plaintiffs Begay and Benally . . . accrued on October 24, 1973, at the earliest, and not even the two year statute of limitations has run.

Because the district court erroneously concluded that the discovery ru'e did not apply in Arizona, it did not consider whether there was a material factual dispute regarding when appellants Begay and Benally knew or should have known of the alleged malpractice. The above mentioned contentions show that there are genuine issues of material fact to be resolved. This is particularly so because these disputes involve questions of reasonableness and knowledge, questions this court is especially wary of deciding as a matter of law. We therefore conclude that the district court erred in granting defendant's partial summary judgment as to appellants Begay and Benally.

## IV. *Contract Claim*

■ Appellants claim that even if their tort claims are barred by the statute of limitations (as are those of appellant Yaz-

---

2. In their papers filed in the district court, appellants' attorneys acknowledged that

> [t]his argument . . . applies only to the plaintiffs Begay and Benally as the record shows that by March, 1972, the plaintiff Yazzie knew that no action of any kind had been filed in his behalf, whereas an action had been filed against the Union Pacific in behalf of Begay and Benally.

Because the instant suit was filed more than two years after March, 1972, appellants apparently admit that Yazzie's claims in tort are time-barred. The contentions regarding Yazzie's contract-related claims are discussed in part IV *infra*.

zie),[3] their complaint also stated a claim upon a written contract subject to a six-year limitation period under Ariz.Rev.Stat. § 12–548. Because they filed the instant lawsuit within six years of July 8, 1971, appellants conclude that their contract claims are not time-barred.

In *Beane v. Tucson Medical Center*, 13 Ariz.App. 436, 477 P.2d 555 (1971),[4] plaintiffs had expressly set forth in their complaint both contract and tort claims. They acknowledged that their tort claims were time-barred. They argued that their contract claim—that a hospital had breached contractual obligations by providing inadequate postoperative care and treatment—should fall within the six-year written contract limitation period. The Arizona Court of Appeals wrote:

> Assuming arguendo that the document upon which plaintiffs rely is . . . a contract [in writing], the only undertaking on the part of the hospital was to furnish "services" and not "proper postoperative care and treatment." In order for a cause of action to be founded upon a contract in writing, the instrument *itself* must contain an undertaking to do the thing for the non-performance of which the action is brought. [Citations omitted.] A cause of action is not upon a "contract founded upon an instrument in writing" merely because it is in some way remotely or indirectly connected with the instrument or because the instrument would be a link in the chain of evidence establishing the cause of action. [Citation omitted.] In *Kain* [where the contract limitation period was applied], the *express* undertaking alleged was to furnish the services of skilled and competent physicians and surgeons and plaintiff claimed that the defendant had breached this express undertaking. We, therefore, cannot agree with plaintiffs that here *Kain* is controlling. We hold that since the breach alleged by plaintiffs was not founded upon a contract in writing, the six-year limitations period is not applicable and the action is barred.

*Id.* at 438; 477 P.2d at 557 (emphasis in original).[5]

In the present case the written contracts between each appellant and appellees provided in relevant part that the appellant "do[es] hereby retain the law firm . . . to represent me and my children in an action for damages against the parties responsible for my injuries" or those of my husband.[6] Appellants now claim that the

---

3. *See* note 2 *supra*.

4. Since jurisdiction in this case is based on diversity of citizenship, and since the material events alleged by appellants occurred within the state of Arizona, this court is bound to apply the substantive law of that state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78–80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

5. In *Kain v. Arizona Copper Co.*, 14 Ariz. 566, 569–70, 133 P. 412, 414 (1913), the Arizona Supreme Court wrote:

> [This] is not an action for personal injury nor for malpractice . . . . The complaints . . . allege a contract between appellant and [defendant] mining company by which the former was to pay the latter a monthly sum . . . and the latter in consideration thereof, in case of sickness or injury, was to furnish him proper hospital accommodations and the services of skilled and competent physicians and surgeons and trained and capable nurses and competent treatment. The alleged breach of this contract is that the

appellee did not furnish skilled and competent physicians and surgeons, but, on the contrary, did furnish unskilled and incompetent physicians and surgeons who incompetently and improperly treated his injuries. The cause of action stated is for a breach of contract to furnish skilled and competent physicians and surgeons and competently to treat appellant's injuries as it had agreed to do. [Citations omitted.] It is therefore clear that it is not for personal injury or for malpractice, as contended by appellee, and consequently the limitation [for tort] is inapplicable.

6. Each appellant signed the following agreement on September 30, 1970:

> I, the undersigned, do hereby retain the law firm of Olney, Levy, Kaplan, Ormes & Tenner to represent me and my children in an action for damages against the parties responsible for [my injuries or the death of my husband]. The accident causing [my injuries or his death] occurred on July 8, 1969.
> Said attorneys shall advance all necessary costs which shall be returned to the attor-

Olney firm failed to file suits against the proper parties and failed to prosecute properly the Union Pacific suit. Bound as we are to follow the law of Arizona, we must conclude that *Beane* means that the statute of limitations for an action upon a written contract does not apply to appellants' claims.

## V. *Conclusion*

As to appellants Begay and Benally, there is a genuine issue of material fact as to when they discovered the alleged malpractice, and hence when the tort limitation period began to run. As to them, the district court's granting of summary judgment is reversed. The district court's granting of summary judgment as to appellant Yazzie is affirmed.

AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART.

neys in the event of a recovery, but if there is no recovery, the attorneys shall receive nothing.

In the event of a recovery, the attorneys are assigned a lien of 25% of all sums recovered under any F.E.L.A. action and 33⅓% of all other sums recovered except for actions wherein the attorney fees are set by statute.

No representation has been made to me as to what, if anything, I may expect to receive in the way of a recovery.