599 P.2d 181

**Carl K. SATO and Susie S. Sato, his wife, Appellants,**

v.

**Robert P. VAN DENBURGH, Conn and Candlin, Certified Public Accountants, Green & Van Denburgh, Certified Public Accountants, and Main Lafrentz & Co., Certified Public Accountants, Appellees.**

**No. 14169.**

Supreme Court of Arizona,
In Banc.

June 28, 1979.

Rehearing Denied Sept. 6, 1979.

---

1. A.R.S. § 42–252 provides penalties for falsifying or refusing to provide a list of properties as provided in A.R.S. § 42–222.

Wade Nelson & Andersen, Ltd. by E. Gene Wade, Mesa, for appellants.

Renaud, Cook & Videan, P. A. by James M. Videan, Phoenix, for appellees.

CAMERON, Chief Justice.

Carl and Susie Sato appeal from a summary judgment entered against them and in favor of Robert P. Van Denburgh and three accounting firms with which he had been associated. We have jurisdiction of this appeal pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

We must address only one question on appeal: Was Sato's cause of action barred by the statute of limitations?

The facts necessary for a resolution of this appeal and presented in a light most favorable to appellants Sato, *Western Asbestos Co. v. Cal-Zona*, 121 Ariz. 388, 590 P.2d 927 (1979), are as follows. In the early 1960's, Carl Sato and Noby Yamakoshi formed a partnership for the purpose of investing in Arizona land. They hired Robert Van Denburgh, a certified public accountant, to perform accounting services for the partnership. From time to time, Sato borrowed money from the Sato-Yamakoshi partnership. In the annual accounting of 1965 or 1966, Van Denburgh determined that Sato owed a considerable sum of money to the Sato-Yamakoshi partnership.

Sato, at this time, consulted with his attorney with regard to the accounting and was advised by his attorney, who was also a certified public accountant, that the accounting was negligently performed. Nothing was done by Sato at that time. Later Sato signed two notes in favor of Yamakoshi, one for $45,954.64 dated 27 May 1968 and secured by a mortgage, and a second for $50,000 dated 10 January 1969 and payable on demand.

Yamakoshi brought suit to foreclose the mortgage on 11 November 1971. After numerous pleadings and motions, Sato filed an answer on 18 June 1973 claiming breach of oral trust, threats and duress in the signing. Finally, on 20 February 1975, Sato filed a third party complaint against Van Denburgh claiming that Van Denburgh had, since 1960 "up to and including the present," "maintained books of account * * * inconsistently, negligently, slothfully, inaccurately and mistakenly." All of the accounting services claimed to have been negligently performed were allegedly done by Robert Van Denburgh.

Summary judgment was entered in favor of Van Denburgh, et al., on 25 May 1977, on the theory that the statute of limitations barred the action. Sato appealed.

### WHICH STATUTE APPLIES?

We must first determine which statute of limitations applies to the facts in the instant case. There are, we believe, three statutes which might apply: A.R.S. § 12–542 which is the tort or negligence statute and provides for a two year statute of limitations; A.R.S. § 12–543, oral debt, three years; and A.R.S. § 12–550, the general limitation where "no limitation is otherwise prescribed," four years. While some states have held that an action against an accountant for damages as a result of negligent performance of his professional services state a cause of action for breach of contract, see *L. B. Laboratories, Inc. v. Mitchell*, 39 Cal.2d 56, 244 P.2d 385 (1952), we believe that the essence of a complaint for the negligent performance of professional services by an accountant sounds in

tort. See *Atkins v. Crosland*, 417 S.W.2d 150 (Tex.1967); *Carr v. Lipshie*, 9 N.Y.2d 983, 218 N.Y.S.2d 62, 176 N.E.2d 512 (1961). Even though we will apply the longer statute when in doubt as to which statute to apply, *San Manuel Copper Corp. v. Redmond*, 8 Ariz.App. 214, 445 P.2d 162 (1968), from the facts as alleged in the instant case, we believe that Sato's cause of action sounds in negligence or tort, and that the two year statute limitations, A.R.S. § 12–542, will apply.

### WHEN DOES THE CAUSE OF ACTION ACCRUE?

The statute reads:

"There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions * * *." A.R.S. § 12–542.

As to when the action accrues, some states have held in the case of accountants that the statute commences to run from the time the accountant's client is injured or damaged, *Atkins v. Crosland*, supra, while other states have held that the time of the discovery of the negligent act or the time when the negligent act should have been discovered is the time from which the statute of limitations commences to run. *Isaacson, Stolper & Co. v. Artisan's Savings Bank*, 330 A.2d 130 (Del.1974); *Moonie v. Lynch*, 256 Cal.App.2d 361, 64 Cal.Rptr. 55 (1967).

Arizona has long followed the rule that the cause of action accrues when the plaintiff knows, or in the exercise of reasonable diligence should have known, of the defendant's negligent conduct, *Morrison v. Acton*, 68 Ariz. 27, 198 P.2d 590 (1948); *Nielson v. Arizona Title Insurance and Trust Co.*, 15 Ariz.App. 29, 485 P.2d 853 (1971), or when the plaintiff is first able to sue. *Cheatham v. Sahuaro Collection Service, Inc.*, 118 Ariz. 452, 577 P.2d 738 (App. 1978); *Griesmer v. Griesmer*, 116 Ariz. 512, 570 P.2d 199 (App.1977). In the instant case, it is clear that Sato first knew of Van Denburgh's negligence in 1965 or 1966.

228

Although the language in the complaint speaks of continuing accounting malpractice from May 1960 "up to and including the present," there is nothing in the record indicating separate additional acts of negligence beyond those communicated by Sato's attorney to Sato in 1966. The fact that the alleged negligent figures were carried on the partnership books for several following years does not alter the fact that Sato knew and could have brought suit in 1966 had he desired to do so.

The applicable rule reads in part as follows:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e), Rules of Civil Procedure, 16 A.R.S.

When defendant files a properly supported motion for summary judgment, the plaintiff is obligated to present, either by affidavit or some other evidence, facts controverting the defendant's affidavit. When he fails to do so, the facts alleged by the defendant may be considered true. *Siner v. Stewart*, 9 Ariz.App. 101, 449 P.2d 635 (1969). It is noted in the instant case that neither Sato's third party complaint nor the response to the motion for summary judgment is verified.

We have searched the record and although we find the bare allegation in plaintiff's unverified complaint that defendant's negligence continued up until the present time, we have found nothing by way of affidavit or deposition which indicates any specific act of negligence occurring within the statutory period.

We hold that Sato's cause of action against Van Denburgh and the accounting firms for whom he worked accrued in 1966 and Sato's action against them, filed in 1975, is therefore barred by the statute of limitations. The entry of judgment is affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.