629 P.2d 557
**Gilbert D. LONG and Doris J. Long, husband and wife, Plaintiffs-Appellants,**

**v.**

**Guy M. BUCKLEY and Ruth Buckley, his wife; Darrell F. Smith and Margie Smith, his wife; L. Alton Riggs, Jr., and Treva Riggs, his wife; Westlyn C. Riggs and Marlene Riggs, his wife; Donald O. Fuller and Kay Fuller, his wife; and John Doe, Defendants-Appellees.**

No. 1 CA–CIV 4750.

Court of Appeals of Arizona,
Division 1,
Department A.

April 2, 1981.

Sargeant, Elliott & Newman by William P. Sargeant, III, Phoenix, for plaintiffs-appellants.

Weyl, Guyer, MacBan & Olson, by K. C. Weyl, Phoenix, for defendants-appellees.

## OPINION

WREN, Chief Judge.

In this appeal we are asked to review a summary judgment determination that the statute of limitations begins to run on a claim for damages against a lawyer for malpractice of law at the time of the negligent act rather than at the time of its discovery. We have determined that the time of discovery is the critical point and therefore reverse.

The facts are briefly stated. On June 21, 1973, appellant, Gilbert D. Long, was injured and his automobile damaged as a result of a collision with another vehicle being driven by Carl M. Luna, an employee of Westside Toyota. On July 17, 1973, appellants Long and his wife, Doris J. Long, retained appellee Guy M. Buckley, a lawyer, to represent them in their claim against Luna and Westside Toyota. The remainder of the appellees were law partners of Buckley and their spouses.

When no lawsuit was filed by Buckley against Luna and Westside Toyota within the two year period of limitations following the accident, appellants, on September 1, 1978, filed a complaint against appellees for malpractice and breach of contract. Appellees moved for summary judgment on the ground that the two year statute of limitations for a malpractice claim against appellees had expired on both causes of action. The motion was granted by the trial court. This appeal by the Longs followed.

■ Our role, in reviewing the grant of summary judgment, is to determine whether there is any genuine issue of material fact underlying the adjudication, and, if not, whether the substantive law was correctly applied. Appellants acknowledge that their complaint was brought after the two year statute of limitations for tort under A.R.S. § 12–542.[1] However, they rely

1. § 12–542. Injury to person; injury when death ensues; injury to property; conversion of property; forcible entry and forcible detainer; two year limitation

There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:

1. For injuries done to the person of another.

2. For injuries done to the person of another when death ensues from such injuries, which action shall be considered as accruing at the death of the party injured.

3. For trespass for injury done to the estate or the property of another.

4. For taking or carrying away the goods and chattels of another.

5. For detaining the personal property of another and for converting such property to one's own use.

6. For forcible entry or forcible detainer, which action shall be considered as accruing at

upon two theories to avoid the consequences of its restrictions. They first assert that the time period did not commence until appellants were informed by appellees on February 24, 1977 that the limitations statute on their cases against Luna and Westside Toyota had expired. Second, appellants assert that they had a claim against appellees on a written contract which had a six year period of limitations under A.R.S. § 12–548,[2] and that the complaint against Buckley was therefore timely filed as to the contract claim.

## TORT CLAIM

■ The trial court, in granting summary judgment, concluded that the statute was not tolled by appellants' failure to discover the facts giving rise to their claim against appellees, and that their complaint was therefore untimely filed. In Arizona, legal malpractice actions are subject to the two year statute of limitations for tort claims. *Wheeler v. Priebe*, 17 Ariz.App. 59, 495 P.2d 499 (1972); *Yazzie v. Olney, Levy, Kaplan & Tenner*, 593 F.2d 100 (9th Cir., 1979).

■ In *Yazzie* the facts underlying the lawsuit for malpractice were similar to those here. The defendant law firm had failed to file on behalf of its clients (plaintiffs) all possible wrongful death and personal injury actions arising out of an automobile accident, within the two year period for tort claims. The firm defended the malpractice suits later brought against it by its former clients, by filing a motion for summary judgment, arguing that any

the commencement of the forcible entry or detainer.

**2.** § 12–548. Contract in writing for debt; six year limitation

An action for debt where indebtedness is evidenced by or founded upon a contract in writing executed within the state shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward.

**3.** The *Yazzie* court footnoted the applicability of Arizona law as follows: "Since jurisdiction in this case is based on diversity of citizenship, and since the material events alleged by appellants occurred within the state of Arizona, this court is bound to apply the substantive law of

claims against the firm had accrued on the date the statute had run on their wrongful death and personal injury claims, and were now barred by the same two year statute of limitations. Plaintiffs responded to this contention by urging that the time restriction was tolled by their reasonable failure to discover the facts constituting their causes of action for legal malpractice, until the only suit filed by the firm on their behalf because of the accident was dismissed and they learned about the dismissal. The Ninth Circuit Court of Appeals held that a reasonable failure to discover the acts of malpractice prevented the limitations statute from running. In doing so the court made the following interpretation of A.R.S. § 12–542:[3]

> In *Nielson v. Arizona Title Insurance & Trust Co.*, 15 Ariz.App. 29, 30, 485 P.2d 853, 854 (1971), the Arizona Court of Appeals stated as the "rule in Arizona":
>
> [U]nder the statute providing that negligence actions shall be commenced and prosecuted within two years after the cause of action accrues, the legislature intended that a cause of action accrues when the plaintiff knew or should have known of defendant's conduct, and the statute of limitations begins to run at that time. A.R.S. Sec. 12–542; *Meyer v. Good Samaritan Hospital*, 14 Ariz. App. 248, 482 P.2d 497 (1971)

Thus, under Arizona law, the question of when appellants knew or should have known of appellees' negligence is critical to determining whether the statute of limitations has run. 593 F.2d at 103.[4]

that state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020 [1021], 85 L.Ed. 1477 (1941); *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78–80, 58 S.Ct. 817 [822–823], 82 L.Ed. 1188 (1938)." 593 F.2d at 104.

**4.** *See also Sato v. Van Denburgh*, 123 Ariz. 225, 599 P.2d 181 (1979) (Discovery rule applied to negligent performance of accounting services).

In *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal.3d 176, 98 Cal.Rptr. 837, 491 P.2d 421 (1971), The California Supreme Court made the following observations in adopting the discovery rule:

■ As in *Yazzie,* since the trial court here erroneously concluded that the discovery rule did not apply to a legal malpractice case, it did not reach the question of whether there was a material factual dispute as to when the appellants knew or should have known of the alleged malpractice by appellees. Moreover, the record before us reflects that there were genuine issues of material fact on the issue of time of discovery. For instance, appellees' defenses include an allegation that they withdrew from appellants' case prior to the running of the statute. Moreover, the discovery issue itself involves questions of reasonableness and knowledge, matters which this court is particularly wary of deciding as a matter of law. We therefore conclude that the trial court erred in granting summary judgment on the tort claim.

> In this suit for legal malpractice plaintiffs appeal from a summary judgment against them grounded upon the two-year statute of limitations of Code of Civil Procedure section 339. That judgment rests upon the rule that a cause of action for malpractice by an attorney arises, and the limitation period commences, at the time of the negligent act. In this case, and in the companion case of *Budd v. Nixen,* [6] Cal. [3d 195], 98 Cal.Rptr. 849, 491 P.2d 433, we undertake to review this rule. Upon reconsideration, we find that the rule as to legal malpractice contrasts with the rule as to accrual of causes of action against practitioners in all other professions; it ignores the right of the client to rely upon the superior skill and knowledge of the attor-

## CONTRACT CLAIM

Because the issue may well confront the trial court again on remand, we next consider appellants' claim that even if their tort claim is barred by the statute of limitations, the complaint against the appellees also stated a claim upon a written contract, subject to the six year period of limitations under A.R.S. § 12–548. Since the instant lawsuit was filed within six years of the contractual agreement, appellants contend that their contract claim for malpractice is not timebarred. For the following reasons we disagree.

■ At the time appellees first undertook to represent appellants, a Retainer Agreement [5] was executed by Buckley and each of the would be plaintiffs. As con-

> ney; it denigrates the duty of the attorney to make full and fair disclosure to the client; it negates the fiduciary character of the attorney-client relationship. We conclude that the statute of limitations for legal malpractice, as for all professional malpractice, should be tolled until the client discovers, or should discover, his cause of action. 6 Cal.3d at 179, 98 Cal.Rptr. at 838, 491 P.2d at 422.

> For a general discussion of the multifarious decisions in various jurisdictions see cases collected in Annot. *When Statute Of Limitations Begins To Run Upon Action Against Attorney For Malpractice,* 18 A.L.R.3d 978.

---

5.                    RETAINER AGREEMENT

(I) (We) the undersigned do hereby employ and retain SMITH & BUCKLEY, Attorneys at Law, to render legal services on behalf of

MR. AND MRS. GILBERT LONG

against   WESTSIDE TOYOTA and CARL M. LUNA or any other person, firm or corporation liable in damages for injuries and any other claims sustained by   GILBERT & DORIS LONG on or about the   21st   day of   June   , 1973 , as the result of   an automobile collision on June 21, 1973 at 3400 W. Indian School Road, Phoenix, Arizona

(I)(We) do hereby agree to pay said attorneys   one-third   of any settlement, verdict or recovery obtained in said action after instituting suit, and they in addition thereto, receive all costs and disbursements recovered. (I)(We) hereby agree with said Attorneys not to make any settlement unless they are present and receive their share in accordance with this agreement.

(I)(We) do hereby bind (my)(our) heirs, executors and legal representatives to the terms and conditions set forth herein.

tended by appellants, the law is well settled in Arizona that a breach of contract action may be maintained although the action upon which the alleged breach is founded may also amount to negligence. *Kain v. Arizona Copper Company, Ltd.,* 14 Ariz. 566, 133 P. 412 (1913); *Beane v. Tucson Medical Center,* 13 Ariz.App. 436, 477 P.2d 555 (1970). Moreover, since the undertaking of the lawyer is usually pursuant to a contract of employment, legal malpractice usually consists of both a tort and a breach of contract. *Neel v. Magana, Olney, Levy, Cathcart & Gelfand, supra.*

It is one thing, however, to say that a cause of action may be maintained in contract against a lawyer for an act of malpractice, and quite another to urge that the writing executed in this case gave rise to a six year period of limitations. By its terms the retainer agreement concerned itself solely with the payment of fees for appellees' legal services, and contained no mention of the specific services which were to be performed.

Again we turn to *Yazzie* for an almost identical situation and a statement of Arizona law on the subject. In *Yazzie* the plaintiffs made the same contention of a six year limitation period on a written contract between each plaintiff and the defendant law firm. Each contract provided, in relevant part, that the plaintiff "do(es) hereby retain the law firm . . . to represent me and my children in an action for damages against the parties responsible for [my injuries or the death of my husband]." [6] In responding to this issue *Yazzie* found the Arizona decision of *Beane v. Tucson Medical Center, supra* to be controlling, and held that the statute of limitations for breach of a written contract did not apply to plaintiffs' claim of malpractice.

In *Beane* the plaintiff was admitted to the hospital for orthopedic surgery. Upon entering the hospital he signed a document entitled "Conditions of Admission to Tucson Medical Center". Following an infection, a complaint was filed against the hospital alleging both contract and tort cause of action. Acknowledging that the tort claim was time barred, plaintiffs asserted that their claim for breach of a contractual obligation to provide adequate post-operative care and treatment should fall within the six year written contract limitation for filing a lawsuit.

In rejecting this argument, Division Two of this Court first determined that the contract signed by plaintiff upon admission contained no obligation on the part of the hospital as to post-operative care, and then ruled:

> In order for a cause of action to be founded upon a contract in writing, the instru-

---

(I)(We) have read over and fully understand the above contract.

DATED at     Mesa, Arizona    , this  17th  day of     July    , 19 73 .

SMITH & BUCKLEY

By    Guy M. Buckley        /s/ Gilbert D. Long

                                              /s/ Doris J. Long

---

6. The full agreement provided as follows:

I, the undersigned, do hereby retain the law firm of Olney, Levy, Kaplan, Ormes & Tenner to represent me and my children in an action for damages against the parties responsible for [my injuries or the death of my husband]. The accident causing [my injuries or his death] occurred on July 8, 1969.

Said attorneys shall advance all necessary costs which shall be returned to the attorneys in the event of a recovery, but if there is no recovery, the attorneys shall receive nothing.

In the event of a recovery, the attorneys are assigned a lien of 25% of all sums recovered under any F.E.L.A. action and 33⅓% of all other sums recovered except for actions wherein the attorney fees are set by statute.

No representation has been made to me as to what, if anything, I may expect to receive in the way of a recovery.

ment *itself* must contain an undertaking to do the thing for the non-performance of which the action is brought. (emphasis in original) 13 Ariz.App. at 438, 477 P.2d at 557.

We likewise find the rationale of *Beane* to be dispositive of the issue here. For the purpose of application of the six year period of limitations, the act which is alleged to give rise to the breach must bear some connection to the writing itself. The retainer agreement in the instant case, as with the "Conditions of Admission" in *Beane*, relates almost exclusively to the payment of fees for legal services. It sets forth no details on how the employment is to be carried out, and none of the acts which constitute the alleged breach of contract is contained within the writing between the parties. Therefore, we hold that the six year period of limitations for written contracts does not apply. As to this issue summary judgment was properly entered against appellants.

Judgment reversed and cause remanded for further proceedings on the tort claim.

CONTRERAS, P. J., and FROEB, J., concur.