673 P.2d 792

AMFAC DISTRIBUTION CORPORATION, a California corporation, d/b/a Amfac Electric Supply Co., Plaintiff-Appellant,

v.

Leslie L. MILLER and Mrs. Leslie L. Miller, his wife, Defendants-Appellees.

No. 16690–PR.

Supreme Court of Arizona, In Banc.

Nov. 17, 1983.

Allen, McClennen & Fels, P.C. by Robert H. Allen, Phoenix, for plaintiff-appellant.

Monbleau, Vermeire & Turley, P.C. by Kent E. Turley, Phoenix, for defendants-appellees.

GORDON, Vice Chief Justice:

The facts in this matter are fully set forth in the opinion of the Court of Appeals, *Amfac Distribution Corp. v. Miller*, 138 Ariz. 155, 673 P.2d 795 (1983), and will not be repeated here. The issue before us is when a cause of action accrues for legal malpractice which occurs during the course of litigation.[1] The Court of Appeals held that the cause of action in such a situation accrues "when the plaintiff knew or should reasonably have known of the malpractice and when the plaintiff's damages are certain and not contingent upon the outcome of an appeal." *Id.* at 156, 673 P.2d at 796. Defendant, attorney Miller, petitioned this Court to review the opinion of the Court of Appeals. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5 and Ariz.R.Civ. App.P. 23. We agree with and approve the opinion of the Court of Appeals as supplemented herein.

This Court has recently considered the accrual of the cause of action in medical malpractice cases, *DeBoer v. Brown*, 138 Ariz. 168, 673 P.2d 912 (1983). There, we held that, to state a cause of action, the plaintiff-patient must have sustained some injury or damaging effect from the malpractice. We feel that the same is true in legal malpractice cases. Negligence alone is not actionable; actual injury or damages must be sustained before a cause of action in negligence is generated. We agree with

---

1. A.R.S. § 12–542 provides that such claims must be commenced "within two years after the cause of action accrues." The longer six year period of limitations for contract actions does not apply, *Long v. Buckley*, 129 Ariz. 141, 629 P.2d 557 (App.1981).

**154**

the authorities cited by the Court of Appeals that, in legal malpractice cases, the injury or damaging effect on the unsuccessful party is not ascertainable until the appellate process is completed or is waived by a failure to appeal.[2]

Miller argues that such a result is contrary to existing Arizona case law. He cites *Sato v. Van Denburgh,* 123 Ariz. 225, 227, 599 P.2d 181, 183 (1979), in which this Court stated that

"Arizona has long followed the rule that the cause of action accrues when the plaintiff knows, or in the exercise of reasonable diligence should have known, of the defendant's negligent conduct, *Morrison v. Acton,* 68 Ariz. 27, 198 P.2d 590 (1948); *Nielson v. Arizona Title Insurance and Trust Co.,* 15 Ariz.App. 29, 485 P.2d 853 (1971), or when the plaintiff is first able to sue. *Cheatham v. Sahuaro Collection Service, Inc.,* 118 Ariz. 452, 577 P.2d 738 (App.1978); *Griesmer v. Griesmer,* 116 Ariz. 512, 570 P.2d 199 (App. 1977)."

Miller asserts that agents of Amfac knew or should have known of his alleged negligence at the time of the trial or at the time the judgment was entered. Thus, he concludes, the statute of limitations began to run at one of those times and the instant suit is barred. However, this argument ignores the fact that Amfac had sustained no irrevocable damages and could not have sued at either of those times. In both *Morrison* and *Nielson,* the cases this Court cited in *Sato* for the point that a cause of action accrues when the plaintiff knew or reasonably should have known of the defendant's negligent conduct, there was no question that damages did exist prior to the plaintiff's discovery of the defendant's negligence. In that circumstance, the cause of action accrues with the plaintiff's discovery. However, as noted above, even where a plaintiff has discovered actual negligence, if he has sustained no damages, he has no cause of action. Only when he has sustained damages is he able to sue. Our decision today is not inconsistent with *Sato.*

 Lastly, Miller asserts that the opinion of the Court of Appeals "smacks of, if not amounts to[,] a denial of equal protection under the Arizona and Federal constitutions." Miller neither discusses this statement nor cites legal authority to support it. We find this argument to be without merit because all persons are affected equally and uniformly by the application of A.R.S. § 12–542. All legal malpractice plaintiff-clients must sue, and all defendant-attorneys must be sued, within two years of the date the client is injured by the alleged malpractice.

The opinion of the Court of Appeals is approved as supplemented. The summary judgment granted by the trial court in favor of Miller is reversed; the matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

**2.** Miller takes issue with the Court of Appeal's statement that "[w]here there has been no final adjudication of the client's case in which the malpractice allegedly occurred, the element of injury or damage remains speculative and remote, thereby making premature the cause of action for professional negligence," *Amfac Distribution Corp. v. Miller,* 138 Ariz. 155, 156, 673 P.2d 795, 796 (App.1983). He argues that a case is final upon entry of judgment by the trial court. While that is true in some respects, *e.g.,* Ariz.R.Civ.P. 54, it is not true that an unsuccessful party's damages are certain, fixed, or irreversible upon entry of judgment. If he is successful on appeal, his damages will be considerably lessened or possibly eliminated.