**Joseph D. PINELLA, Plaintiff–Appellant,**

v.

**Larry BRONSON, Esq.; et al., Defendants–Appellees.**

No. 02–16743.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

## MEMORANDUM ***

Joseph D. Pinella appeals pro se the district court's judgment dismissing as time-barred his action alleging his former criminal defense attorney took possession of his property and refused to return it. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals on statute of limitations grounds, *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000) (per curiam), and we affirm.

The retainer agreement between Pinella and defendant Bronson did not cover the entrustment of the property for safekeeping, and so the applicable statute of limita-

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

tions period is three years.[1] *See Long v. Buckley,* 129 Ariz. 141, 629 P.2d 557, 562 (Ariz.Ct.App.1981); Ariz.Rev.Stat. § 12–543. The statute of limitations period began to run in 1994, when Pinella filed a complaint against Bronson with the District Ethics Committee for the State of New Jersey. Pinella did not file his complaint in district court until September 2, 1999. Accordingly, the district court properly dismissed Pinella's action as time-barred.

We decline to consider Pinella's contention regarding equitable tolling because he failed to present this argument to the district court. *See Dodd v. Hood River County,* 59 F.3d 852, 863 (9th Cir.1995).

**AFFIRMED.**

---

1. The district court also properly held that Pinella's tort claims were time-barred. *See* Ariz.Rev.Stat. § 12–543 (three years for fraud claims) and *Taylor v. State Farm Mut. Ins. Co.,* 185 Ariz. 174, 913 P.2d 1092, 1095 (Ariz. Ct.App.1996) (two years for implied covenant of good faith and fair dealing).

