Patricia LANGAGER and Leroy Langager, husband and wife, Plaintiffs-Appellants,

v.

LAKE HAVASU COMMUNITY HOSPITAL, et al., Defendants-Appellees.

No. 82–5046.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1982.

Decided Sept. 22, 1982.

---

* The Honorable John C. Coughenour, United States District Judge for the Western District of Washington, sitting by designation.

Gary Engle, Sternberg, Sternberg, Rubin & Schleier, Phoenix, Ariz., argued, for plaintiffs-appellants; Tod F. Schleier, Phoenix, Ariz., on brief.

Timothy Berg, Fennemore, Craig, von Ammon & Udall, Phoenix, Ariz., argued, for

defendants-appellees; Paul J. Mooney, Phoenix, Ariz., on brief.

Before GOODWIN and NELSON, Circuit Judges, and PRICE,* District Judge.

PRICE, District Judge:

Plaintiffs appeal from a summary judgment for the defendants. The district court granted defendants' motion on the grounds that because plaintiffs' claims were barred by the statute of limitations, there remains no genuine issue of material fact to be litigated.

### FACTS

Mrs. Langager was admitted as a patient to the defendant hospital on October 22, 1976 for purposes of childbirth. She was under the care and treatment of a Dr. Nelson. While in the hospital, she suffered a stroke which plaintiffs allege was proximately caused by the defendants' negligence.

On July 12, 1978, plaintiffs filed an action in Arizona state court against the treating physician, Dr. Nelson, and the consulting physician, Dr. Dreeve. That case has been tried and a state court jury returned a verdict in favor of Dr. Nelson.

On October 23, 1978, during the discovery procedures being pursued in the state court action, the plaintiffs allege that they learned for the first time that the medical records of Mrs. Langager had been altered by employees of the defendant hospital. This alteration forms the basis of their district court action filed on July 1, 1981.[1]

* Honorable Edward Dean Price, United States District Judge for the Eastern District of California, sitting by designation.

1. Plaintiffs' complaint contains the following allegations:

That the conduct of Defendant Lake Havasu Community Hospital, by and through its agents, representatives, and employees, constituted negligence and carelessness in regard to the care and treatment rendered Plaintiff Patricia Langager, as follows:

(A) In failing to take vital signs while Plaintiff Patricia Langager was in labor, delivering her baby, and subsequent to the birth of said child.

(B) In administering the drug Methergine and/or Pitocin to Plaintiff Patricia Langager.

■ Although neither the order nor the judgment in the district court elaborates the basis for the trial court's determination, both the briefing below, as well as here, and the oral argument indicate that the only issue presented to the trial court for determination was whether Arizona Revised Statutes (hereinafter ARS), § 12–564 barred plaintiffs' cause of action.[2] That section, in pertinent part, reads as follows:

A. A cause of action for medical malpractice against a licensed health care provider accrues as of the date of the injury and shall be commenced and prosecuted within three years after the date of injury. In no event shall the time for commencement of legal action exceed three years from the date of injury except as provided in subsections B, C and D.

B. In an action based on injury through the leaving of a foreign object having no therapeutic, diagnostic or other medical reason for remaining in the patient's body, the period of limitations shall be tolled until the discovery of the foreign object or when the foreign object, which the exercise of reasonable dili- ·

gence, should have been discovered, whichever occurs first.

C. In an action where a defendant or an agent of a defendant has intentionally prevented the discovery of an injury caused by that defendant by concealing or misrepresenting facts about the injury, the period of limitations shall be tolled from the date of the injury until the discovery of the injury or the time when, with the exercise of reasonable diligence, it should have been discovered, whichever occurs first.[3]

·    ·    ·    ·    ·

This is an appeal from the court order granting the motion for summary judgment:

This matter having been under advisement, IT IS ORDERED granting Defendants' Motion for Summary Judgment.

*Dosier v. Miami Valley Broadcasting Corp.,* 656 F.2d 1295, 1300 (9th Cir. 1981), reads as follows:

We may affirm a summary judgment only if it appears from the record, after viewing all evidence and factual inferenc-

(C) In failing to advise Dr. Nelson of Plaintiff Patricia Langager's vital signs during labor, delivery, and subsequent to the birth of her child.

(D) In failing to record vital signs while Plaintiff Patricia Langager was in labor, delivering her baby, and subsequent to the birth of said child.

(E) In failing to have adequate, competent, and sufficient staff present to assist during the labor and delivery of Plaintiff Patricia Langager's child.

(F) In failing to follow the procedures, rules and regulations of Defendant Lake Havasu Community Hospital in regard to (A), (D) and (E) above.

2. Defendant's motion for summary judgment must be gleaned from the defendant's moving papers rather than the trial court's order and judgment granting same.

In their motion for summary judgment, the defendants' counsel stated:

Pursuant to Rule 56(b), Federal Rules of Civil Procedure, defendants move for summary judgment in their favor against plaintiffs, on the grounds that there is no genuine issue as to any material fact and defendants are entitled to judgment in their favor as a matter of law.

In the introduction to their Points and Authorities, defendants' counsel continues:

The statute of limitations for medical malpractice actions in Arizona is three years. A.R.S. § 12–564(A). The alleged acts of malpractice on the part of these named defendants occurred on October 22 and 23, 1976, while plaintiff Patricia Langager was a patient at Lake Havasu Community Hospital. Since more than three years have elapsed from the date of Mrs. Langager's injury, plaintiffs have alleged that the statute of limitations was tolled because of Vicki Zimmer's completion of her nurse's notes in Mrs. Langager's hospital record some five months after Mrs. Langager was discharged from the hospital. Apparently, the basis for this claim is the tolling provision contained in A.R.S. § 12–564(C). As the following discussion amply demonstrates, plaintiffs' reliance on this statute is misplaced and defendants are entitled to judgment in their favor as a matter of law.

3. Jurisdiction of the district court was based exclusively on diversity of citizenship. The action arose solely within the State of Arizona. Accordingly, Arizona statutes of limitations are applicable.

es in the light most favorable to the appellant, that there are no genuine issues of material fact, and the appellee is entitled to prevail as a matter of law.

It is the plaintiffs' position that despite the use of the word "injury," the statute must be read in the traditional sense, *i.e.,* that the cause of action for medical malpractice accrues as of the date of the *legal* injury. The legal injury here was intentionally concealed, they continue, and hence subsection C of § 12–564 tolled the running of the basic three-year statute.[4]

Not so, said the defendants. The latest revision by the Arizona legislature of the medical malpractice statute of limitations, clearly states that the statute runs from the date of physical injury; the concealment or misrepresentation must go to the *fact* of the plaintiff's injury, not the *cause* of the plaintiff's injury.

### THE LAW

Both the Arizona legislature and the Arizona court have had a long struggle with the problem of what facts or circumstances toll the statute of limitations in malpractice actions against medical providers.

Starting with *Morrison v. Acton,* 68 Ariz. 27, 198 P.2d 590 (1948), the Arizona courts had consistently held that the health provider's failure to fully and frankly disclose to the patient the true facts leading to the plaintiff's alleged injury amounted to fraudulent concealment, and constituted legal or constructive fraud. Such action, they concluded, tolled the applicable statute of limitations until the plaintiff discovered or was put on reasonable notice of the breach of trust. It is of importance to note that the *Morrison* court clearly held that the constructive fraud of the health provider *tolled* the statute of limitations for personal injury actions; it *did not* hold the action was governed by the statutes of limitations applicable to actions for fraud.

The viability of *Morrison, supra,* was affirmed recently in *Sato v. VanDenburgh,* 123 Ariz. 225, 599 P.2d 181 (1979), in a case involving a claim for damages resulting from the negligent performance of professional services rendered by an accountant.

In *Mayer v. Good Samaritan Hospital,* 14 Ariz.App. 248, 482 P.2d 497 (1971), the Arizona court of appeals was faced with interpreting the predecessor to the present statute of limitations, namely, ARS § 12–542(1). That statute reads as follows:

> There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterwards, the following actions:
>
> (1) For injuries done to the person of another . . . .

After an exhaustive review of the applicable appellate cases of the several states, the court held that under the Arizona statute as interpreted by prior appellate cases, the cause of action in a medical malpractice case accrues at the time the plaintiff knew, or in exercising reasonable diligence should have known, of the defendant's allegedly negligent conduct.

In doing so, the court did observe that:

> However, the doctrine that fraudulent concealment of a cause of action either tolls the statute or prevents its running, is of judicial origin, not legislative. *Acton v. Morrison, supra.* The rule that unknown trespass should be treated as constructive fraud to keep the statute of limitations from running is a judicial rule, not legislative. (citations omitted)
>
> We have attempted here to ascertain the legislature's intent, rather than establish a new statute of limitations by judicial legislation. If the legislature concludes that our determination of their intention be incorrect, or if correct, desires to place outside limitations on actions such as this, it is more than appropriate that they should do so.

*Mayer v. Good Samaritan Hospital, supra,* at 501–502.

---

4. The issue of the sufficiency of plaintiffs' pleadings to state a cause of action is not before us. The sole issue is the legal effect of ARS § 12–564, considered in light of the admit-
ted concealment and alteration of the hospital records of Mrs. Langager by personnel of the defendant hospital.

The Arizona Supreme Court denied a petition for review in *Mayer* on April 27, 1971.

In *Landgraff v. Wagner*, 26 Ariz.App. 49, 546 P.2d 26 (1976), the Arizona appellate courts dealt with yet another predecessor to the statute we consider, ARS § 12–542(B).[5]

In *Landgraff, supra,* plaintiff did not discover a steel surgical clamp for nearly nine years after the event. She filed suit within two years of discovery. The trial court found the action to be barred by ARS § 12–542(B), *supra.*

Appellant Landgraff attacked the trial court's order granting summary judgment on two grounds.

First, that ARS § 12–542(B) was unconstitutional in that it had the potential to bar a claimant from bringing an action for injury which was discovered during the applicable periods. The Arizona court of appeals rejected this contention stating that:

We find the statute of limitations under review here to be a reasonable legislative restriction upon the right of action even in view of its seemingly unfair effect upon a claimant who was unaware of the claim.

*Landgraff v. Wagner, supra,* at 31.

The court also held the statute in question did not offend plaintiff's due process or equal protection rights.[6]

Plaintiff, however, prevailed on her second ground of appeal, namely, that there remained to be litigated issues of fact. The court of appeals then stated as follows:

The first is whether the period of limitation was tolled because either one or all of the *appellees* failed to disclose the claimed negligent act when they either knew or should have known of it. The second is whether *appellant* knew or should have known of the presence of the surgical clamp.

*Landgraff v. Wagner, supra,* at 33.

Accordingly, the summary judgment was reversed. In doing so, the court of appeals noted that the issue of whether a statute of limitation is tolled is always a question of fact to be determined by the trier of fact. The Arizona Supreme Court denied review in Landgraff on March 30, 1976.

It should be noted that the decision in *Landgraff, supra,* became final after ARS § 12–564 became effective,[7] and it was not before the court for consideration. We further note, however, that the original opinion in *Landgraff* was issued before the effective date of ARS § 12–564.[8]

We believe, however, that the principles enunciated by *Landgraff* are dispositive of the instant case. The statute being considered by the Landgraff court contained the following clause: "These time limitations shall be tolled for any period during which such person[9] has failed to disclose

---

**5.** A cause of action for injury or death against a physician or surgeon, dentist, registered nurse, dispensing optician, optometrist, registered physical therapist, podiatrist, licensed psychologist, osteopath, chiropractor, licensed clinical laboratory director, naturopath, or a licensed hospital as the employer of any such person, based upon such person's alleged professional negligence, or for rendering professional services without consent, or for error or omission in such person's practice, shall accrue as of the date of injury and shall be commenced and prosecuted within six years after the date of injury or two years after the injured party discovers or through the use of reasonable diligence should have discovered the malpractice, whichever period first occurs. These time limitations shall be tolled for any period during which such person has failed to disclose any act, error or omission upon which such action is based and which through the use of reasona-

ble diligence should have been known to him. [Ariz. Rev. Stat. § 12–542(B) ].

**6.** These challenges were made under applicable provisions of both the Federal and Arizona state constitutions.

**7.** Counsel conceded at oral argument that ARS § 12–564, in whole or in part, has yet to be construed by an Arizona appellate court. Had it been so interpreted, we would be compelled to follow that construction.

**8.** We have no relevant legislative history to indicate what information the Arizona legislature used in formulating ARS § 12–564(A) in its present form. Neither do we find any appellate decisions by an Arizona court construing the portion of the section we now consider.

**9.** The persons referred to in this clause are "a physician or surgeon, dentist, registered nurse,

any act, error or omission upon which such action is based and which through the use of reasonable diligence should have been known to him." [ARS § 12–542(B)].

Subsection (C) of ARS § 12–564 provides: "In an action where a defendant or agent of a defendant has intentionally prevented the discovery of an injury caused by that defendant by concealing or misrepresenting facts about the injury," the three-year statute of limitations provided for in ARS § 12–564(A) is tolled.

As was the case in *Landgraff,* plaintiffs' complaint here contains allegations which present an issue of fact as to whether the defendant or its agents committed acts proscribed by ARS § 12–564(C), thus tolling the three year statutory period. The adoption, by the Arizona legislature of a tolling provision so similar to that considered in *Landgraff,* must be taken as an affirmation by the legislature of the long-standing judicial rules enunciated in the cases previously discussed.

The foregoing being dispositive of the case, we do not reach the other issues raised by the appellants. The summary judgment is reversed as to Lake Havasu Community Hospital.

At oral argument, appellants' counsel conceded that the summary judgment should be affirmed as to appellee Mary L. Duncan. Accordingly, judgment dismissing the action as to her is affirmed.

dispensing optician, optometrist, registered physical therapist, podiatrist, licensed psychologist, osteopath, chiropractor, licensed clinical laboratory director, naturopath or a licensed hospital as the employer of any such person." *See* ARS § 12–542(B).