### Patricia LANGAGER and Leroy Langager, husband and wife, Plaintiffs-Appellants,

v.

### LAKE HAVASU COMMUNITY HOSPITAL, et al., Defendants-Appellees.

### No. 85–1748.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 1986.

Decided Sept. 16, 1986.

Gary S. Engle, Tod F. Schleier, Sternberg, Sternberg, Rubin & Schleier, Phoenix, Ariz., for plaintiffs-appellants.

John D. Everroad, Fennemore, Craig, von Ammon & Udall, Phoenix, Ariz., for defendants-appellees.

Before GOODWIN and NELSON, Circuit Judges, and PRICE,* District Judge.

PRICE, District Judge:

This matter comes before us for a second time. *See, Langager v. Lake Havasu Community Hospital,* 688 F.2d 664 (9th Cir.1982). (Langager I)

For the underlying facts, reference is made to the prior decision in this case. In *Langager* I, we could not tell whether the trial court had taken into account the allegations in plaintiff's complaint which presented a factual issue as to whether the defendants or their agents committed acts proscribed by ARS § 12–564(C)[1] thus toll-

---

* Honorable Edward Dean Price, United States District Judge for the Eastern District of California, sitting by designation.

1. Unless otherwise noted, all statutory references are to the Arizona Revised Statutes (ARS). ARS § 12–564(C) provides:

In an action where a defendant or an agent of a defendant has intentionally prevented the discovery of an injury caused by that defendant by concealing or misrepresenting facts about the injury, the period of limitations shall be tolled from the date of the injury

ing the three year statutory period. The matter was reversed and remanded for further proceedings.

Upon remand, defendants promptly filed a motion for summary judgment and an alternative motion to dismiss or for partial summary judgment. The grounds urged in support of defendants' motion were as follows:

1. Plaintiffs' complaint should be dismissed for failure to prosecute their case as required by Arizona law.

2. Plaintiffs cannot establish causation related to any alleged breach of duty by the defendant.

3. Plaintiffs' claim is clearly time barred by the Arizona statute of limitations.

4. Although not barred by limitations, plaintiffs' newest theory of liability is insufficient as a matter of law.

5. Plaintiffs' claims for intentional infliction of emotional distress are time barred by ARS § 12–542.

After remand the plaintiffs elected to stand on their original complaint. The complaint basically is in two counts. The first count is a medical malpractice count alleging gross negligence and carelessness on the part of the hospital and its employees in the methods of record keeping adopted by the hospital.

The second cause of action alleges that the defendants "spoliated, altered and fabricated plaintiff Patricia Langager's medical records at said hospital with the intent of concealing and misrepresenting certain facts about plaintiff Patricia Langager's condition, injury and the cause thereof". Plaintiffs allege this caused them severe mental and emotional distress.

As was pointed out in the previous decision, the underlying medical treatment which gave rise to this controversy occurred in late October, 1976. On July 12,

1978, in timely fashion, plaintiffs filed a state court action against the treating and consulting physician. During the course of discovery, and specifically on October 23, 1978, plaintiffs' then counsel learned for the first time that the medical records of the plaintiff Mrs. Langager had been altered by employees of the defendant hospital. That alteration constitutes the basis of this Federal District Court action which was filed on July 1, 1981.

After hearing and considering the defendants' motion for summary judgment, the Court made and entered its order thereon as follows: "It is ordered granting defendants' Motion on both counts".

We review the grant of a motion for summary judgment *de novo*.

As noted above, plaintiffs' first cause of action is a straightforward cause of action of medical malpractice. Plaintiffs allege the health care provider breached the patient relationship duty of care, i.e., the proper recordation of medical information, the preservation thereof, and its accurate maintenance for the purpose of rendering treatment to the plaintiff. Plaintiffs' counsel conceded at oral argument that the complaint containing the first cause of action was filed more than three (3) years after the injury to Mrs. Langager as that concept is known to Arizona law. Based upon the record before us and plaintiffs' counsel's concession we affirm the trial court's grant of summary judgment as to count one.[2]

The second count is in actuality a count for emotional distress.

XVII of plaintiffs' complaint alleges:

That as a direct and proximate result of the conduct of the defendants, and each of them, as hereinabove alleged, plaintiffs have suffered severe and emotional distress and anguish and continue to so suffer. That as the direct and proximate

until the discovery of the injury or the time when, with the exercise of reasonable diligence, it should have been discovered, whichever occurs first.

**2.** Since the matter was submitted, counsel for defendant urges an alternate ground for affirming the summary judgment granted on count one. Finding the cause to be time barred, we need not reach that ground.

result of the conduct of the defendants, and each of them, as hereinabove alleged, plaintiffs have suffered special damages in an amount to be proven at trial.

Plaintiff argues that this is a new tort citing *Fox v. Cohen*, 84 Ill.App.3d 744, 40 Ill.Dec. 477, 406 N.E.2d 178 (1980) and *Bondu v. Gurvich, et al.*, 473 So.2d 1307 (Fla.App. 3 Dist.1984). In their brief, plaintiffs argue that this new tort is known as a spoliation of evidence. However, plaintiff is confronted with another statute of limitations problem if this approach is pursued. ARS § 12–542 creates a two year statute of limitation for claims for this type of tort.[3]

Plaintiff would escape the bar of this statute by arguing that since this injury arises in the context of a health care provider-patient setting, the three year statute of limitations proscribed for actions against health care providers should apply. Plaintiff relies heavily upon *Cathemer v. Hunter*, 558 P.2d 975 (1976). In *Cathemer*, the plaintiff had consented to a total hip replacement. After the procedure was finished and the plaintiff developed an infection at the operative site, it was discovered that the doctor had in fact pinned the prosthesis into place rather than make a total hip replacement. The plaintiff sued. The trial judge directed a verdict in favor of the defendant and the plaintiff appealed. In reversing, the Arizona Appellate Court pointed out that the common law tort of battery was frequently availed of by plaintiffs in the medical setting when the medical treatment had involved an unconsented touching of the person of the plaintiff, and since it evolved in that setting the court held that the three year statute of limitations applicable to suits sounding in medical malpractice rather than the shorter statute applicable to a more usual type of battery cases would control.

Plaintiffs frequently state duplicate causes of action sounding in negligence as well as battery when the physician performs a procedure upon the plaintiff which was not consented to by the plaintiff, or exceeded the bounds of the consent given. The acts upon which each count is based, however, are identical.

In *Cathemer v. Hunter, supra,* the plaintiff was seeking the traditional type of medical malpractice damages, i.e., damages for pain and suffering and for permanent disability, medical expenses, etc.

In the instant case, the plaintiffs clearly allege that the damages they seek are of a unique nature arising from an act totally independent of the medical treatment that was afforded to the plaintiff.[4] Specifically, the plaintiff seeks damages for the emotional distress she suffered since learning her medical records had been altered. She also contends that the unsuccessful conclusion of her State court action against the treating physician was proximately caused by the alteration of her medical record.

Clearly, any cause of action which the defendant may have had because her medical records were altered, arose upon discovery of that fact. The Arizona statutory scheme starts the limitation period running upon the occurrence of the injury, not when the injuries manifest themselves.

Plaintiffs' counsel also complains that the court erred in refusing to grant his oral motion to amend his complaint. We have not been furnished with the transcript of the argument on defendants' motion. We have no way of judging the court's reasoning in failing to grant that motion. The record indicates that plaintiffs' counsel did not submit a proposed amended complaint

---

**3.** ARS § 12–542(1) provides:

Except as provided in § 12–551 there shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:

(1) For injuries done to the person of another including causes of action for medical malpractice as defined in § 12–561.

**4.** The record is clear that the alteration of the record took place some months after the plaintiff Patricia Langager had left the hospital. Apparently the alteration was occasioned by the fact that it became known that an attorney retained by the plaintiffs proposed to visit the hospital and to review the medical records.

to the trial judge, nor did he ask leave to file an formal motion to amend the complaint at a later date in compliance with Rule 15, Federal Rules of Civil Procedure. However, a reference to the record indicates the complaint in this action was filed in June of 1981 and the answer was probably filed in July of 1981. Defendants' instant motion for summary judgment was filed on October 5, 1984. The oral argument in the matter was heard on February 4, 1985. Not being able to determine the plaintiffs' counsel's reasons for failing to more clearly articulate his theory in count two, the denial of leave to amend is not relevant to our decision in view of our conclusion that plaintiffs' second cause of action was barred by the statute of limitations, not for deficiencies in pleading.

The district court's decision is affirmed in its entirety.