927 P.2d 796

**Thomas J. KILEY, as Conservator for E.M. Ray, as Personal Representative of the Estate of Lois Ray, as Trustee of Ray Revocable Trust No. One, and as Trustee of Lois Ray Testamentary Trust No. One, Plaintiff–Appellant,**

v.

**JENNINGS, STROUSS & SALMON; Hamilton E. McRae, III, and Jane Doe McRae; William Perkins and Jane Doe Perkins; John Christian and Jane Doe Christian; Frank B. Campbell and Jane Doe Campbell, Defendants–Appellees.**

No. 1 CA–CV 95–0259.

Court of Appeals of Arizona, Division 1, Department B.

April 23, 1996.

Review Denied Nov. 19, 1996 *.

---

* Martone and Jones, JJ., of the Supreme Court, recused themselves and did not participate in the determination of this matter.

Meehan & Associates by Michael J. Meehan, Mark Dinell, Charles A. Davis, Tucson, for Appellant.

Jones, Skelton & Hochuli, by William R. Jones, Jr., Jay P. Rosenthal, Alisa J. Gray, Eileen J. Dennis, Phoenix, for Appellees.

## Opinion

GRANT, Judge.

Thomas J. Kiley ("Kiley"), in his various capacities as conservator for E.M. Ray, as personal representative of the estate of Lois Ray and as trustee of the Ray Revocable Trust Number One, appeals from the summary judgment in favor of Defendant law firm Jennings, Strouss & Salmon ("JSS"), an Arizona Professional Partnership, in an alleged case of legal malpractice. This court has jurisdiction pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 12–120.21.

## FACTS AND PROCEDURAL HISTORY

In 1982, the Ray family, E.M. Ray ("Charlie"), Lois Ray ("Lois"), and their two sons Bill Ray ("Bill") and Mike Ray ("Mike"), owned the Ray Lumber Company. Charlie, Bill and Mike were officers and employees of the company. They were having a difficult family dispute and sought assistance from JSS to reorganize the company, pass control to one of the sons and partition jointly owned assets including real estate, ranches and rolling stock.[1]

Lois either was or became incompetent during this period of time. One of the attorneys at JSS stated that a will the firm had drawn for Lois in 1983, as part of the partition agreement, could not be executed because of concern about her legal capacity. There was also evidence that Charlie was becoming mentally incapacitated during this time.

In 1987 and 1988, a series of disputes among the family members over the meaning of the JSS-drafted partition agreement led to the filing of several lawsuits. Control of the company was uncertain and the company filed for bankruptcy. In each of these suits,

including the bankruptcy proceeding, the terms of the partition agreement were at issue.

On June 10, 1988, Charlie executed the Ray Revocable Trust Number One. He was acting for himself, as well as for Lois, based upon a power of attorney she executed in 1982. In January of 1993, the suits among the family members ended with what is referred to as a "global settlement agreement." The day after this agreement was signed, Kiley filed this suit against JSS.

JSS filed a motion for summary judgment based upon its contention the statute of limitations had run. The trial court initially denied the motion and extensive discovery ensued. The trial court later held, in a minute entry dated December 21, 1994, the cause of action for legal malpractice had accrued in 1988 and "a material fact dispute exists over whether Mr. Ray was or is of unsound mind, requiring a jury finding." If Charlie was of unsound mind when the cause of action accrued, the statute of limitations would be tolled during the period of his incompetency. The trial court also held the appointment of a conservator did not cease the tolling of the statute of limitations.

The trial court requested additional briefing on the question whether the cause of action had been transferred to the trust. On completion, the trial court found "it is indisputable that the Rays' cause of action was transferred to the trust." The trial court also found that tolling of the statute of limitations ceased because "it is the trustee's soundness of mind which matters for section 12–502(A) purposes because the trustee is the 'person entitled to bring an action'."

Based upon its finding the cause of action for legal malpractice had been transferred to the trust in 1988, an action which ceased the tolling of the statute of limitations, the trial court granted summary judgment in favor of JSS, holding the action was time-barred.

## ISSUES

I. Can a cause of action for legal malpractice be transferred to a trust?

---

1. See Rule 42, Rules of the Supreme Court (Professional Conduct) ER 1.6, 1.7, 1.8.

II. Did evidence of the incompetency of Charlie and Lois raise triable issues of fact as to whether they knew they had claims for legal malpractice, whether they could have intended to create the trust, and whether they knowingly intended to or attempted to assign those claims to the trust?

III. Was Plaintiff estopped as a matter of law to challenge the competence of Charlie and Lois Ray to establish the trust and fund it?

IV. Did the trial court err in making conclusions as a matter of law about what was intended in the declaration of trust and what was intended by the settlor(s) of the trust?

V. Was plaintiff denied the right provided by the Arizona Rules of Civil Procedure and the Uniform Rules of Practice to rebut a newly raised argument in Defendants' motion for summary judgment?

VI. If a trust is established as a means of helping a person who may be incompetent to manage his own affairs, should the statute of limitations tolling of A.R.S. section 12–502 apply to a claim held by that trust?

### CROSS–ISSUE

Does the appointment of a conservator cause the tolling of the statute of limitations to cease?

### DISCUSSION

■ The standard of review for a grant of summary judgment is *de novo* for both factual and legal determinations of the trial court. *Blum v. State,* 171 Ariz. 201, 829 P.2d 1247 (App.1992). Summary judgment should only be granted in cases where there is no genuine issue of material fact and the case may therefore be decided on the pleadings. *Orme School v. Reeves,* 166 Ariz. 301, 802 P.2d 1000 (1990). We view the facts in the light most favorable to the non-moving party. *Id.*

### I. Assignment of Legal Malpractice Claims

■ In Arizona, legal malpractice actions are subject to the two-year statute of limitations for tort claims set forth in A.R.S. section 12–542. *Reed v. Mitchell & Timbanard, P.C.,* 183 Ariz. 313, 317, 903 P.2d 621, 625 (App.1995). A claim for legal malpractice accrues when: (1) the plaintiff knows or reasonably should know of the attorney's negligent conduct; and (2) the plaintiff's damages are ascertainable, and not speculative or contingent. *Id.*

■ The trial court concluded, as a matter of law, the statute of limitations had expired on the entirety of the claims pertaining to Charlie and Lois Ray for legal malpractice. Ordinarily, the determination of when a cause of action accrues is a determination to be made by the finder of fact. *Mister Donut of America, Inc. v. Harris,* 150 Ariz. 321, 323, 723 P.2d 670, 672 (1986). When a defendant asserts the statute of limitations as a defense, that defendant has the burden of proving the complaint falls within the statute. *Troutman v. Valley National Bank of Arizona,* 170 Ariz. 513, 826 P.2d 810 (App.1992). If the defendant establishes a *prima facie* case that the statute was applicable, the burden of going forward shifts to the plaintiff to show its claims fall within a recognized exception to the statute. *Id.* Here, Kiley contends that he carried his burden of proof with evidence to surmount the statute of limitations. He did so by virtue of compelling evidence that both Charlie and Lois were not competent to manage their affairs from periods of time well before 1988, the date upon which, for purposes of this appeal, the cause of action is deemed to have accrued. Incompetency tolls the statute of limitations pursuant to the provisions of A.R.S. section 12–502(A).

■ In its summary judgment motion, JSS argued that a person for whom a conservator had been appointed should not be able to avail himself of this tolling, because the conservator has a duty to look after the affairs of an incompetent. The trial court correctly ruled under the principles established in *Sahf v. Lake Havasu City Ass'n for the Retarded and Handicapped,* 150 Ariz. 50, 721 P.2d 1177 (App.1986), that the tolling provision did apply. After JSS lost its summary judgment motion it argued that the

entire legal malpractice claim had been assigned to a trust, which gave JSS the opportunity to again assert that the tolling provisions did not apply.

▮ Kiley contends the trial court erred in finding Lois and Charlie's cause of action was transferred to the trust. First, Kiley contends a cause of action for legal malpractice cannot be assigned. In *Schroeder v. Hudgins,* 142 Ariz. 395, 399, 690 P.2d 114, 118 (App.1984), this court held:

> In Arizona, actions for legal malpractice are tort claims subject to the two year statute of limitations for personal injuries, *Long v. Buckley,* 129 Ariz. 141, 143, 629 P.2d 557, 559 (App.1981), and actions for personal injuries are not assignable. *Employers Casualty Co. v. Moore,* 60 Ariz. 544, 142 P.2d 414 (1943).

JSS distinguishes *Schroeder* because the attempted transfer of rights in that case was from a bankrupt corporation to former stockholders of that corporation. The same, JSS claims, holds true in the cases to which the court in *Schroeder* cites. While this is true, the underlying reasons for preventing assignment of these rights remain. We find the reasoning enunciated in *Christison v. Jones,* 83 Ill.App.3d 334, 39 Ill.Dec. 560, 563, 405 N.E.2d 8, 11 (3rd Dist.1980), persuasive:

> We find that the personal nature of the relationship and the duty imposed upon the attorney, coupled with public policy considerations surrounding that relationship and any potential assignability of breaches thereof (giving rise to causes of action in legal malpractice) lead us to conclude that the legal malpractice claim is not subject to assignment.

▮ An attorney owes a fiduciary and ethical duty to his or her client. Hence, any assignment of a legal malpractice claim to a trust or other entity would negate the attorney's duty since the trust was not the client. We hold that as a cause of action for legal malpractice cannot be assigned, the trial court erred in granting a summary judgment predicated on such an assignment having occurred.

## II. Did evidence of the incompetency of Charlie and Lois raise triable issues of fact as to whether they knew they had claims for legal malpractice, whether they could have intended to create the trust, and whether they knowingly intended to or attempted to assign those claims to the trust?

▮ We need not decide whether Charlie and Lois intended to or attempted to assign their legal malpractice claims to a trust since we have already decided that such an act is a legal impossibility. However, we agree with the trial court's finding made on January 18, 1995, that a material fact dispute exists regarding whether Charlie and Lois were of unsound mind at the time the cause of action for legal malpractice would have accrued in 1988. This fact issue requires a jury finding. If either claimant was of unsound mind, the statute of limitations on the legal malpractice claims is tolled as to that claimant pursuant to A.R.S. section 12–502(A). We agree with the trial court's determination on January 18, 1995, that the tolling statute is applicable despite the appointment of a conservator. However, we disagree with the trial court's finding that the case of *Barrio v. San Manuel Division Hospital for Magma Copper Co.,* 143 Ariz. 101, 692 P.2d 280 (1984), has no bearing on these facts. To the contrary; *Barrio* does apply. An incompetent cannot bring or defend a legal proceeding in person. Of course, an action can be brought on behalf of the incompetent by a guardian *ad litem* or general guardian. However, whether such an action is in fact brought depends on good fortune since the incompetent is helpless. The incompetent possesses a right guaranteed by Article 18, Section 6, of the Arizona Constitution, but cannot assert it unless someone else, over whom the incompetent has no control, learns about it, understands it, is aware of the need to take prompt action, and in fact takes such action. The position of the incompetent is an even more difficult concern in a legal malpractice case than in a personal injury case due to the fact that legal malpractice may be much harder to identify than an injury. *Id.*

### III. Was Plaintiff estopped as a matter of law to challenge the competence of Charles and Lois Ray to establish the trust and fund it?

The trial court *sua sponte* concluded Kiley was estopped, in all of his capacities, to challenge the validity of the trust or of the assignment of a claim for malpractice to it. The issue was not raised by any party below. In its January 18, 1995 minute entry, the trial court stated:

"[t]he court concludes that plaintiff, who has filed this case as trustee on behalf of the trust, is estopped from now claiming that the trust may not be valid or that a grantor may not have had sufficient capacity to make the trust. The court further finds that once the trust was created, it is the trustee's soundness of mind which matters for section 12–502(A) purposes because the trustee is the person entitled to bring an action."

▮ Kiley did not take inconsistent positions because his assertions about the invalidity of the trust would be completely consistent with his positions as conservator and personal representative, and with his duty to maximize and protect the non-trust estates which he had a duty to preserve in the other two capacities.

During the hearing on January 6, JSS contended that Kiley was, for the first time, raising Lois's competency to sign a valid power of attorney as of September, 1982. JSS is incorrect. In Kiley's Separate Statement of Facts, filed two months previously to oppose JSS' Motion for Summary Judgment, he proposed as uncontested the fact that Lois was unable to manage her affairs or to understand her legal rights or liabilities by June 1982. No one ever argued estoppel below. JSS argues on appeal that Kiley filed this action as Trustee of the Trust, but also actively argued for the validity of the trust in response to a challenge by the Rays' son Bill shortly after the trust was created. The probate court ruled that "E.M. Ray had authority to create the Ray Revocable Trust Number One and to transfer assets to the Trust on behalf of his wife Lois Ray, under the Durable Power of Attorney dated September 2, 1982." JSS claims that, having already litigated this issue in the probate proceeding, Kiley is collaterally estopped from re-litigating this issue here.

We are not persuaded by the estoppel argument because the question whether a claim for legal malpractice may be transferred into a trust has never been litigated. Therefore Kiley is not estopped.

Having decided the legal malpractice claim may not be transferred to a trust, we need not reach the remaining issues raised by appellants.

### CROSS–ISSUE

**Tolling the Statute of Limitations with Appointment of a Conservator.**

JSS contends, as a cross-issue, that appointment of a conservator should cause tolling of the statute of limitations to cease. The tolling statute reads as follows:

If a person entitled to bring an action other than those set forth in article 2 of this chapter is at the time the cause of action accrues either under eighteen years of age or of unsound mind, the period of the disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others.

A.R.S. section 12–502(A).

▮ The language of the statute is plain. We will not supply meaning not enunciated in the statute. *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). There is no mention that the appointment of a conservator will cease the tolling of the statute of limitations for those of unsound mind. In an analogous case, the appointment of a guardian, this court held:

On its face, A.R.S. section 12–502 provides no exception for the appointment of a guardian for persons of unsound mind. We are of the opinion that in the absence of clear legislative intent, we should not graft such an exception on the statute.

*Sahf*, 150 Ariz. at 56, 721 P.2d at 1183. We are as reluctant to create such an exception for a conservator.

## CONCLUSION

The trial court's grant of summary judgment is reversed and this case is remanded to the trial court for further proceedings consistent with this decision.

NOYES and EHRLICH, JJ., concur.