Frances VIGIL; et al., Plaintiffs—
Appellants,

v.

Murray MILLER, Esq.; et al.,
Defendants—Appellees.

No. 00–15820.

D.C. No. CV–99–00116–PGR.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2001 *.

Decided Aug. 28, 2001.

Before HAWKINS, TASHIMA, and
GOULD, Circuit Judges.

MEMORANDUM **

This is a pro se appeal of the district court's final judgment of dismissal of appellants' action on statute of limitations grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The statute of limitations bars this action. The limitations period for negligence and legal malpractice claims in Arizona is two years. Ariz.Rev.Stat. § 12–542; *Kiley v. Jennings, Strouss & Salmon*, 187 Ariz. 136, 927 P.2d 796, 799 (Ariz. Ct.App.1996). Appellants had actual knowledge of the facts underlying the negligence and malpractice claims no later than 1996, when they filed a bar complaint against defendants on the same facts.

■ Appellants' breach of contract claim is likewise barred. The claim is more accurately characterized as a tort subject to the two-year statute of limitations. *See Long v. Buckley*, 129 Ariz. 141, 629 P.2d 557, 562 (Ariz.1981) (holding "contract" malpractice action brought pursuant to retainer agreement barred by tort statute of limitations).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

■ Finally, after careful review of the record, we conclude that the trial court did not abuse its discretion when it denied appellants leave to amend the complaint. Because the statute of limitations acted as an absolute bar to appellants' claims, any amendment would have been futile. *See Newland v. Dalton,* 81 F.3d 904, 907 (9th Cir.1995) ("[D]istrict courts need not accommodate futile amendments.").

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.