NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

JUDSON C. BALL REVOCABLE TRUST, *Plaintiff/Appellant Cross-Appellee*,

*v.*

PHOENIX ORCHARD GROUP I LP, et al., *Defendants/Appellees/Cross-Appellants*.

No. 1 CA-CV 19-0032
FILED 2-4-2020

Appeal from the Superior Court in Maricopa County
No. CV2015-011768
CV2016-000284
(Consolidated)
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-Counsel for Plaintiff/Appellant Cross-Appellee*

Thomas E. Littler, Tempe
By Thomas E. Littler
*Co-Counsel for Plaintiff/Appellant Cross-Appellee*

Freeman Law PLLC, Scottsdale
By Shelton L. Freeman, Elizabeth C. Heims
*Counsel for Defendants/Appellees/Cross-Appellants*

---

**MEMORANDUM DECISION**

---

Judge David B. Gass delivered the decision of the Court, in which Acting Presiding Judge David D. Weinzweig and Chief Judge Peter B. Swann joined.

---

**G A S S,** Judge:

¶1 The Judson C. Ball Revocable Trust (the Trust) appeals from the superior court's grant of summary judgment for John P. Norton, the Estate of John R. Norton (Norton Sr.), and Roger Stevenson (collectively, appellees). Judson C. Ball (Ball) is sole trustee of the Trust. This case concerns investments the Trust made in a mandarin orange project. Because the Trust has shown no genuine issues of material fact, the superior court's judgment is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Ball and Norton Sr. were friends for many years. They invested in several projects together and often met for lunch. In early June 2006, they met for one such lunch. At the end of lunch, Norton Sr. told Ball about a mandarin orange project run by Phoenix Orchard Group I, L.P. and Phoenix Orchard Group II, L.P. (collectively, POG). They spoke about the project for twenty or thirty minutes.

¶3 During their discussion, Norton Sr. showed Ball POG's Executive Summary. Ball looked at the first few pages. Ball did not keep a copy for himself. Norton Sr. invited Ball to invest in POG. After this brief discussion, Ball invested approximately $400,000 in POG on behalf of the Trust.

¶4 Nearly a decade later, in October 2015, the Trust sued POG and related parties, including appellees. This case has a long history, including two previous stops at this court. Along the way, the primary claims were resolved, and the Trust received full reimbursement of its investment, with interest and fees, and some of the Trust's additional claims were dismissed. *See Judson C. Ball Revocable Tr. v. Phoenix Orchard Grp. I, L.P.*, 1 CA-CV 16-0557, 2018 WL 283049 (Ariz. App. Jan. 4, 2018) (mem. decision); *Judson C. Ball Revocable Tr. v. Phoenix Orchard Grp. I, L.P.*, 245 Ariz. 519 (App. 2018), *review denied* (Apr. 30, 2019).

¶5          In this appeal, the Trust seeks to revive its remaining claims of fraud and negligent misrepresentation. In April 2018, appellees moved for summary judgment on these claims. The superior court granted appellees' motion. The superior court later denied the Trust's request for reconsideration and appellees' request for attorney fees. The superior court then entered final judgment dismissing the case.

¶6          The Trust timely appealed. Appellees conditionally cross-appealed the denial of fees.[1] This court has jurisdiction over the appeal and cross-appeal under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §12-2101(A)(1).

**ANALYSIS**

¶7          Grants of summary judgment are reviewed *de novo* for both the superior court's factual and legal determinations. *Kiley v. Jennings, Strouss & Salmon*, 187 Ariz. 136, 139 (App. 1996). This court reviews the facts and reasonable inferences in the light most favorable to the non-moving party. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). Summary judgment is appropriate only when "the facts produced in support of the [non-movant's] claim . . . have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced [by the non-movant]." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990).

¶8          The movant, therefore, may succeed on summary judgment by demonstrating a lack of evidence for an essential element of the claim. *Aranki v. RKP Invs., Inc.*, 194 Ariz. 206, 209, ¶ 12 (App. 1999), *as corrected* (May 3, 1999). Once this showing is made, the non-movant "bears the burden of producing sufficient evidence that an issue of fact does exist." *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 33 (1998). This burden requires the non-movant to go beyond mere reliance on its pleadings. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 119, ¶ 26 (App. 2008), *as amended* (Jan. 23, 2008). The non-movant "must call the court's attention to evidence overlooked or ignored by the moving party or must explain why the motion should otherwise be denied." *Id.*

¶9          Here, the Trust produced no admissible evidence on damages, a key element of both its remaining claims. Fraud and negligent misrepresentation are separate, but related, torts. Each require the plaintiff

---

[1] Based on this ruling, appellees have withdrawn their motion to dismiss and their cross-appeal.

to show damage resulting from the defendant's conduct. *See Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500 (1982) (fraud); *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 333 n.7 (App. 2014) (negligent misrepresentation). Admissible evidence must support the claimed damages. *Pompeneo v. Verde Valley Guidance Clinic*, 226 Ariz. 412, 415, ¶ 18 (App. 2011).

**¶10** The Trust correctly says the previous recovery of its investment will not bar recovery of additional damages. Attorney fees and costs, however, cannot be used to establish the damage element of its claims. *See City Ctr. Exec. Plaza, LLC v. Jantzen*, 237 Ariz. 37, 41, ¶ 13 (App. 2015).

**¶11** The Trust's original rescission claim may have been within an exception to this general rule. *See Desert Mountain Prop. Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 225 Ariz. 194, 209, ¶ 61 (App. 2010). The Trust, however, was previously reimbursed its attorney fees and costs associated with that claim. *See Judson C. Ball Revocable Tr.*, 1 CA-CV 16-0557. Accordingly, this case gives no reason to depart from the general rule.

**¶12** The Trust further argues it is entitled to damages for accountant fees and lost opportunity costs resulting from appellees' conduct. The Trust's only evidentiary support for this claim are inadmissible, conclusory statements in an unverified disclosure and an unsigned spreadsheet. "It is well settled that conjecture or speculation cannot provide the basis for an award of damages." *Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.*, 140 Ariz. 174, 186 (App. 1984).

**¶13** Because the Trust has not met its burden to produce admissible evidence supporting its damage claims, a discussion of the remaining elements is unnecessary. Appellees are entitled to judgment as a matter of law. *See* Ariz. R. Civ. P. 56(a).

**ATTORNEY FEES ON APPEAL**

**¶14** Appellees request attorney fees and costs incurred in this appeal pursuant to A.R.S. §§ 12-341.01(A) and 12-349. This Court exercises its discretion and declines to award attorney fees related to this appeal but awards appellees their costs upon compliance with ARCAP. *See Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 16, ¶ 35 (App. 2011) ("[I]n our discretion, we deny [the party's] request for attorneys' fees but award its costs.").

## CONCLUSION

¶15 The superior court's evidentiary rulings and final judgment are affirmed for the reasons set forth above.



AMY M. WOOD • Clerk of the Court
FILED: AA