NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN DANKO, III, *Plaintiff/Appellant,*

*v.*

KETTI MCCORMICK, PLLC, et al., *Defendants/Appellees.*

No. 1 CA-CV 23-0054
FILED 8-22-2023

Appeal from the Superior Court in Maricopa County
No. CV2021-012469
The Honorable Scott A. Blaney, Judge

**DISMISSED IN PART; AFFIRMED IN PART**

COUNSEL

John Danko, III, Mesa
*Plaintiff/Appellant*

Zelms Erlich & Mack, Phoenix
By Robert B. Zelms, Samantha J. Sawyer
*Counsel for Defendants/Appellees Ketti McCormick and Ketti McCormick, PLLC*

Gordon Rees Scully Mansukhani, LLP, Phoenix
By Kira N. Barrett, Daryl R. Wilson
*Counsel for Defendants/Appellees Sally Colton and Cordell & Cordell PC*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

**¶1**        Plaintiff John Danko, III, appeals from the superior court's order denying his motion for relief from judgment. We dismiss in part for lack of appellate jurisdiction. To the extent that we have appellate jurisdiction, we find no error and affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        In 2017, Ketti McCormick and her law firm, Ketti McCormick, PLLC, (together, "McCormick"), represented Danko in a dissolution action. McCormick later withdrew from representation. After proceeding without representation for some time, Danko hired Sally Colton and Cordell & Cordell, PC, (together, "Cordell") to represent him in post-dissolution proceedings. Eventually, Danko filed a motion for relief from judgment, which the superior court denied, leaving Danko until September 12, 2018, to file a notice of appeal. He filed a notice of appeal on September 13. On August 27, 2019, this court dismissed the appeal for lack of jurisdiction because the filing was untimely.

**¶3**        Unsatisfied with his representation throughout the dissolution proceedings, Danko sued McCormick and Cordell on August 11, 2021. In his first amended complaint, Danko alleged a malpractice claim against McCormick, and "professional negligence" and breach of contract claims against Cordell.

**¶4**        McCormick and Cordell moved to dismiss the first amended complaint. The superior court granted Danko ten days to move for leave to amend the complaint. Two days later, however, the superior court denied Cordell's motion to dismiss but granted McCormick's, concluding that the claim against McCormick was time-barred. Rather than file a motion for leave to amend, over the next several months Danko filed a "second" amended complaint multiple times. Cordell moved to dismiss the second amended complaint.

¶5            The superior court signed a final judgment under Arizona Rule of Civil Procedure ("Rule") 54(b) in favor of McCormick, dismissing the first amended complaint about McCormick. The court also granted Cordell's motion to dismiss the second amended complaint because Danko had not complied with the court's orders. Danko moved for relief from both rulings.

¶6            On January 26, 2023, the superior court denied both of Danko's motions for relief in two separate, unsigned minute entries. Danko then filed multiple identical notices of appeal, appealing "from the Judgment entered on 26 January 2023" in favor of McCormick and Cordell. We stayed the appeal against McCormick because Danko appealed before the court signed its rulings on the motion for relief. And we dismissed the appeal against Cordell as premature because the court had not yet issued a final judgment. *See Danko v. McCormick,* 1 CA-CV 23-0108.

¶7            Danko moved for the superior court to sign the orders, and on February 16, 2023, the court added its signature to the order granting Cordell's motion to dismiss. Danko again filed multiple identical notices of appeal, appealing "from the Judgment entered on 16 February 2023" in favor of McCormick and Cordell. We continued the stay of the appeal against McCormick because the superior court had still not signed a ruling on the motion for relief from the McCormick judgment.

¶8            The superior court then added its signature to the order denying Danko's motion for relief from the McCormick judgment. Danko appealed against McCormick and Cordell.

## DISCUSSION

¶9            Danko's latest notice of appeal purports to appeal judgments entered in favor of McCormick and Cordell. But the superior court has not entered a final judgment for Cordell. Although the superior court granted Cordell's motion to dismiss Danko's second amended complaint, it denied Cordell's motion to dismiss Danko's first amended complaint, which remains operative. In fact, the superior court has since stayed the proceedings, something it could not do if a judgment had been entered and

3

appealed.[1] Without a final judgment about Cordell, any appeal against Cordell is premature. *See Camasura v. Camasura*, 238 Ariz. 179, 181 (App. 2015). We, therefore, lack jurisdiction to consider the arguments against Cordell. *Id.* Thus we dismiss the appeal against Cordell without prejudice for lack of jurisdiction.

**¶10**　　　　We have jurisdiction to consider the appeal against McCormick under A.R.S. § 12-2101(A)(1) and (2).

**A.　　Most of Danko's Arguments Are Irrelevant to the Appeal.**

**¶11**　　　　Danko raises at least 15 issues in his opening brief, most of which pertain only to Cordell or are otherwise irrelevant to the judgment before us. First, Danko argues the court erred by allowing him to file a second amended complaint before retracting its permission and dismissing it. He also challenges the court's finding that he is "an intelligent, educated, sophisticated litigant." But the court only permitted Danko to file a *motion* for leave to amend; it did not grant leave to *file* a second amended complaint. The court's observation about his intelligence related to Danko's ability to understand the court's instructions. In any event, the court's dismissal of the second amended complaint related only to Cordell, so we will not address the arguments further.

**¶12**　　　　Danko next argues the court erred by dismissing the case without an evidentiary hearing or expert testimony. But these arguments are irrelevant to the appeal, which arose from a motion to dismiss, arguing Danko failed to state a claim upon which relief could be granted. The complaint's dismissal thus does not turn on evidentiary issues. *See* Ariz. R. Civ. P. 12(b)(6); *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012) (Courts adjudicate Rule 12(b)(6) motions by looking only to the pleadings.).

**¶13**　　　　Danko then makes several arguments about Arizona's personal jurisdiction over "Defendants." However, he refers to parties and claims involved in the dissolution proceeding or other cases, not this case.

---

[1]　　　Danko's original counsel in the matters before us moved to withdraw shortly after he filed the first amended complaint. Danko then filed suit against that counsel. *See* Maricopa County Cause No. CV2022-092712. In that case, the superior court designated Danko a vexatious litigant. Danko appealed the ruling. *See Danko v. Dessaules*, 1 CA-CV 23-0017. The superior court stayed the proceedings while the vexatious litigant appeal remains pending.

In this case, the parties do not dispute personal jurisdiction, and the claims from different cases are not before us. These arguments provide no basis for relief here.

**B.      The Superior Court Correctly Dismissed the First Amended Complaint Against McCormick Based on the Statute of Limitation.**

**¶14**      The superior court dismissed Danko's first amended complaint because the statute of limitation had run. Danko argues the superior court applied the wrong dates to its analysis and that he filed within the prescribed time limit.

**¶15**      Danko alleged "professional malpractice" against McCormick. In Arizona, plaintiffs generally must bring claims for legal malpractice "within two years after the cause of action accrues." A.R.S. § 12-542(1); *Cannon v. Hirsch L. Off., P.C.*, 222 Ariz. 171, 174, ¶ 8 (App. 2009). "A claim for legal malpractice accrues when: (1) the plaintiff knows or reasonably should know of the attorney's negligent conduct; and (2) the plaintiff's damages are ascertainable, and not speculative or contingent." *Kiley v. Jennings, Strouss & Salmon*, 187 Ariz. 136, 139 (App. 1996).

**¶16**      The parties do not dispute the first prong. The alleged negligent conduct relates to McCormick's representation and withdrawal from the dissolution action in 2017. Danko filed a motion for relief from judgment in June 2018. As a result, the superior court found that Danko knew or should have known of McCormick's alleged negligence by June 2018. Danko does not argue otherwise.

**¶17**      The parties disagree only on the second prong—when Danko's damages became "ascertainable." *See Kiley*, 187 Ariz. at 139. In the litigation context, malpractice damages are "not ascertainable until the appellate process is completed or is waived by a failure to appeal." *Amfac Distrib. Corp. v. Miller* (*Amfac II*), 138 Ariz. 152, 154 (1983). This is because "[a]pparent damage may vanish with successful prosecution of an appeal and ultimate vindication of the attorney's conduct by an appellate court." *Amfac Distrib. Corp. v. Miller* (*Amfac I*), 138 Ariz. 155, 156 (App. 1983).

**¶18**      The superior court found that Danko's "damages became ascertainable on September 13, 2018; the day after he waived the appellate process by failing to timely file an appeal." Danko argues that, under *Joel Erik Thompson, Ltd. v. Holder*, 192 Ariz. 348 (App. 1998), his damages did not become ascertainable until the appellate process concluded on August 27, 2019, when this court dismissed the late appeal. In *Joel Erik Thompson*, we held that if a party does not petition to the supreme court, the appellate

process concludes when this court issues its mandate, not when the time to petition to the supreme court has run. 192 Ariz. at 350–51, ¶¶ 13, 18. Danko argues that, like the issuance of a mandate, our order dismissing his untimely appeal concluded the appellate process.

**¶19** Danko's reliance on *Joel Erik Thompson* conflates the two distinct scenarios in which damages become ascertainable: either (1) the appellate process concludes or (2) the appellate process is waived. *See Amfac II*, 138 Ariz. at 154. We disagree with Danko that this case turns on the appellate process's conclusion because the appellate process never began.

**¶20** Danko's untimely appeal did not begin the appellate process because when an "appeal is not timely filed, the appellate court acquires no jurisdiction other than to dismiss the attempted appeal." *Edwards v. Young*, 107 Ariz. 283, 284 (1971). Thus, when this court issued the order dismissing the appeal, it essentially completed a ministerial act. *See Blankenbaker v. Marks*, 231 Ariz. 575, 577, ¶ 7 (App. 2013). Our dismissal order did not mark the end of the appellate process but noted that no appellate process had begun. When Danko failed to file his appeal timely, he "waived [the appellate process] by a failure to appeal." *See Amfac II*, 138 Ariz. at 154.

**¶21** We know that avenues exist for litigants to extend the time to file an appeal. *See, e.g.*, ARCAP 9(f) (The superior court may reopen the time to file an appeal if the party did not receive notice of the entry of judgment.); *Chung v. Choulet*, 248 Ariz. 236, 239, ¶ 8 (2020) ("[A] party may request that a judgment be set aside for purposes of taking a delayed appeal under Rule 60(b)."). As a result, our decision here does not hold that damages always become ascertainable when the time to appeal has passed. But here, Danko informed the superior court that when he and his attorney received the motion to dismiss, they determined they could not salvage the appeal. Effectively, Danko conceded that, by filing late, he had precluded any possibility that the alleged "damage may vanish with successful prosecution of an appeal." *See Amfac I*, 138 Ariz. at 156. Thus, Danko's damages became ascertainable on September 13, 2018, when the time to appeal had run, and he had no available avenues to extend the time limit.

**¶22** Because Danko knew or should have known of McCormick's negligent conduct, his claim against McCormick accrued when his damages became ascertainable on September 13, 2018. Danko filed suit against McCormick on August 11, 2021, more than two years after his claim accrued

and the statute of limitation began to run.[2] Thus, Danko's claim against McCormick was barred by A.R.S. § 12-542(1), and the superior court correctly dismissed it.

## C. The Superior Court Did Not Commit Reversible Error by Granting McCormick's Motion to Dismiss Despite McCormick's Failure to Attach a Good Faith Consultation Certificate.

¶23 Finally, Danko argues that the court erred by granting McCormick's motion to dismiss because McCormick did not attach a good-faith consultation certificate as required by Rule 12(j).

¶24 Rule 12(j) requires any party seeking dismissal under Rule 12(b)(6) to attach to its motion a good-faith consultation certificate under Rule 7.1(h). The certificate must certify that the movant tried to resolve the issue by conferring with or attempting to confer with the opposing party. Ariz. R. Civ. P. 7.1(h). Although Danko is correct that McCormick erred by failing to attach any such certificate or statement, the Rules do not set forth consequences for noncompliance.

¶25 Courts "must disregard all errors and defects that do not affect any party's substantial rights." Ariz. R. Civ. P. 61. Thus, any error is considered harmless and is not reversible unless it prejudices the substantial rights of a party. *Creach v. Angulo*, 189 Ariz. 212, 214–15 (1997).

¶26 Danko makes no argument that McCormick's noncompliance with Rule 12(j) prejudiced him, nor does any prejudice appear from the record. In fact, because McCormick's motion was based on the statute of limitation, any consultation on the issue likely would have been futile. Danko has "shown no prejudice and merely demand[s] compliance with a technical rule." *Creach*, 189 Ariz. at 216. The error was harmless and does not warrant reversal.

---

[2] Although the statute of limitation typically begins to run upon accrual, we note that sometimes the statute of limitation may be tolled despite the claim's accrual. *See Amfac I*, 138 Ariz. at 156, n.1; *Jackson v. Am. Credit Bureau, Inc.*, 23 Ariz. App. 199, 202 (1975) (For example, the statute of limitation may be tolled if the defendant's conduct is "directed to obtaining the delay of which he actively seeks to take advantage by pleading the statute.").

## ATTORNEY'S FEES

¶27 McCormick and Cordell request their fees and costs on appeal. As the successful parties, we award costs upon compliance with ARCAP 21. Per our discretion, we decline to award attorney's fees.

## CONCLUSION

¶28 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA