NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

U. S. BANK NATIONAL ASSOCIATION, dba ELAN FINANCIAL
SERVICES, *Plaintiff/Appellee,*

*v.*

ERIC F. TAYLOR and CAYCE TAYLOR, *Defendants/Appellants.*

No. 1 CA-CV 21-0666
FILED 6-30-2022

Appeal from the Superior Court in Mohave County
No. S8015CV202100273
The Honorable Kenneth Gregory, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Zwicker & Associates, PC, Tempe
By Sarah L. Jones, Rita E. Roberts
*Counsel for Plaintiff/Appellee*

Eric F. Taylor, Lake Havasu City
*Defendant/Appellant*

Cayce Taylor, Lake Havasu City
*Defendant/Appellant*

_____

## MEMORANDUM DECISION

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Vice Chief Judge David B. Gass joined.

_____

**P A T O N**, Judge:

¶1            Eric and Cayce Taylor ("the Taylors") appeal the entry of summary judgment for U.S. Bank.  We affirm.

### FACTS AND PROCEDURAL HISTORY

¶2            The Taylors opened a credit card account in 2015.  A cardmember agreement ("contract") governing the account provided that the account holder must make minimum monthly payments by the due date specified on the monthly account statement.  The Taylors used the credit card and made monthly payments until April 2017.  The Taylors then ceased making the minimum monthly payments and the account defaulted.

¶3            In March 2021, U.S. Bank sued the Taylors for breach of contract, and an arbitrator was appointed to the case.  At that point, the Taylors owed U.S. Bank $14,863.51.  The Taylors admitted to not making payments under the contract in their answer to the complaint.  In July 2021, U.S. Bank filed a motion for summary judgment in the superior court.  The Taylors did not respond and the court entered judgment for U.S. Bank.

¶4            The Taylors timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), and -2101(A)(1).

### DISCUSSION

¶5            We review a grant of summary judgment de novo and view the evidence and reasonable inferences in the light most favorable to the opposing party. *Brookover v. Roberts Enters.*, 215 Ariz. 52, 55, ¶ 8 (App. 2007); *see generally* Ariz. R. Civ. P. 56.  We review the record and consider only evidence presented when the superior court considered the motion. *Brookover*, 215 Ariz. at 55, ¶ 8.

¶6            Summary judgment is warranted if the movant "shows that there is no genuine dispute as to any material fact and the moving party is

entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). The motion should be granted if the facts produced supporting the claim or defense—the Taylors' defense here—have so little probative value given the quantum of evidence necessary, such that a reasonable person would not concur with the proponent's asserted conclusions. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990).

¶7        The opposing party cannot rely merely on the allegations or denials of its pleading but rather "must, by affidavits or as otherwise provided . . . set forth specific facts showing a genuine issue for trial." Ariz. R. Civ. P. 56(e). A court may summarily grant a motion if the opposing party fails to respond. Ariz. R. Civ. P. 7.1(b)(2). Likewise, when a motion is unopposed, the facts asserted by the movant may be considered true. *Sato v. Van Denburgh*, 123 Ariz. 225, 228 (1979). Nonetheless, the superior court reviews the record to determine whether the movant is entitled to judgment. *Schwab v. Ames Constr.*, 207 Ariz. 56, 59, ¶ 15 (App. 2004).

¶8        On appeal, the Taylors argue (1) the statute of limitations bars U.S. Bank's claim and (2) summary judgment was improper because it was premature. The Taylors, however, cite no legal authority to support these arguments. *See* ARCAP 13(a)(5), (7) (appellate brief shall contain citations of legal authorities and references to the record in support of recitation of facts and argument); *see also Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (failure to comply with Rule 13 of the Arizona Rules of Civil Appellate Procedure can constitute waiver of that claim); *see also In re Marriage of Williams*, 219 Ariz. 546, 549, ¶ 13 (App. 2008) (self-representing parties "are entitled to no more consideration than if they had been represented by counsel and are held to the same standards as attorneys with respect to familiarity with required procedures and . . . notice of statutes and local rules.") (citation and internal quotation marks omitted). Although we could find the Taylors waived these arguments, we nevertheless exercise our discretion to consider and ultimately reject them. We note, however, that future noncompliance with Rule 13 of the Arizona Rules of Civil Appellate Procedure may result in a waiver or even dismissal of the appeal. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

I.    **The applicable statute of limitations did not bar U.S. Bank from pursuing its claim against the Taylors.**

¶9        "[W]hen a credit-card contract contains an optional acceleration clause, a cause of action to collect the entire outstanding debt accrues upon default: that is, when the debtor first fails to make a full, agreed-to minimum monthly payment." *Mertola, LLC v. Santos*, 244 Ariz.

488, 492, ¶ 21 (2018). A cause of action for debt "shall be commenced and prosecuted within six years after [it] accrues, and not afterward, if the indebtedness is evidenced by or founded on . . . [a] credit card." A.R.S. § 12-548(A)(2); *see* A.R.S. § 13-2101(3)(a) (defining credit card).

**¶10**      Here, the contract states that U.S. Bank may cancel an account immediately if it is in default, which occurs in any month the minimum payment is not received. The Taylors admitted they had not made the contractually required minimum monthly payments since April 2017. U.S. Bank filed its complaint in March 2021. Thus, the six-year statute of limitations did not bar U.S. Bank's claims.

## II.     The superior court did not err in granting summary judgment for U.S. Bank.

**¶11**      The Taylors contend the superior court prematurely entered summary judgment for U.S. Bank before they had an opportunity to present a defense. They claim they were awaiting the new arbitrator's appointment after the appointed arbitrator requested disqualification. But U.S. Bank was not required to wait for a new appointed arbitrator before filing its summary judgment motion. And even if a new arbitrator had been appointed, the arbitrator could not have ruled on the motion for summary judgment. *See* Ariz. R. Civ. P. 74(d)(1)(E) (arbitrators cannot rule on "motions for summary judgment that, if granted, would dispose of the entire case as to any party."). Additionally, the Taylors did not respond to U.S. Bank's summary judgment motion.

**¶12**      The superior court correctly granted summary judgment for U.S. Bank. The Taylors breached the contract after ceasing to make minimum monthly payments as required by the contract's terms. *See Hadley v. Sw. Props., Inc.*, 116 Ariz. 503, 506 (1977) (we must give effect to the unambiguous language of a contract). The record shows the Taylors owed $14,863.51. *See Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 15 (App. 2000) (a party opposing a motion for summary judgment must identify specific facts indicating a genuine issue for trial). We find no error.

### CONCLUSION

**¶13**      We affirm.

